## Commonwealth v. Dincler.

(Decided November 23, 1923.)

## Appeal from Fayette Circuit Court.

1. Intoxicating Liquors—Affidavit for Search Warrant Not Sufficient and Search Warrant Invalid.—An affidavit that the National Prohibition Act (41 Stats. 305) was being violated by reason of the fact that affiant had bought intoxicating liquor at defendant's grocery, without showing when the liquors were sold or possessed at such grocery, held not sufficient to support a search warrant, and search warrant issued thereon was invalid.

2. Criminal Law—Evidence as to Whiskey Held Acquired Under Invalid Warrant and Not Independent Thereof.—In a prosecution for keeping intoxicating liquors for sale, wherein it appeared that search warrant was invalid, evidence that a bottle containing moonshine could be seen on entering defendant's place of business, but that its contents could not be ascertained without going behind the counter, held to show that evidence that such bottle conained whiskey was obtained by means of the invalid search warrant and not independent thereof.

3. Criminal Law—Evidence Obtained Through Invalid Search Warrant Incompetent.—Evidence or knowledge acquired solely through an invalid search warrant is incompetent.

THOS B. McGREGOR, Attorney General, and EDW. L. ALLEN. Assistant Attorney General, for appellant.

KING SWOPE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Certifying the law.

Appellant Dincler was indicted in the Fayette circuit court for the offense of keeping intoxicating liquors for the purpose of sale, but when put upon trial was found not guilty by a directed verdict. The Commonwealth appeals for a certification of the law. Appellee Dincler operated a grocery, restaurant and soft drink stand at the northeast corner of Mechanic and Upper streets in the city of Lexington. He was thought to be trafficking in intoxicating liquors. A search warrant for the premises was sought. The following affidavit was made by one Collins to obtain it.

"UNITED STATES OF AMERICA.

"Affidavit for search warrant:

"Eastern District of Kentucky, at Frankfort.

"Be it remembered, that on this day, before me, the undersigned, a United States commissioner for the east-

ern district of Kentucky, at Frankfort, came Jno. D. W. Collins, a federal prohibition agent, who, being by me duly sworn, deposes and says that the laws of the United States, namely, the national prohibition act, section 3 and title 2, Revised Statutes, are being violated by reason of the facts, to-wit: He has bought intoxicating liquor at grocery Mechanic and Upper streets, N. E. corner, being the premises of J. W. Ballard, *alias* B. F. Dincler, and being situated in the city of Lexington and State of Kentucky and within the district above named.

"JOHN D. W. COLLINS."

It will be observed that the affidavit does not show when the liquors were sold, or possessed at the place of Dincler, but merely that the witness had purchased intoxicants at that place. The evidence shows that his place had once been a saloon when it was lawful to sell liquor; that the fixtures were still there. So far as the affidavit shows the sale of liquor to which the affidavit refers was made in that house at a time when it was lawful to sell liquor, or at least more than one year next before the finding of the indictment. Being defective in this respect the affidavit was not sufficient to support the search warrant and the search warrant issued thereon was invalid. The trial court so ruled, but allowed the attorney for the Commonwealth to attempt to prove by the witness what was visible at the place of appellee Dincler when the officers went there with the defective search warrant. One witness was asked: "Q. Tell what you saw in there independent of the search warrant, if anything Objection by appellee. . . . Q. Things you know outside of the search warrant—go ahead and tell that, and only what you know outside of the search warrant? (Objection). A. I recall on one of the shelves back of the counter, the shelf that would be back of a man waiting on a customer, there was a quart bottle with a quantity of moonshine in it, about, I would say, half a pint, sitting up in plain view. Q. And you saw that in there? A. Yes, sir. Q. And that was without making a search or exercising any authority under the search warrant? A. I cannot recall that; I don't remember just what time that was seen. Q. Did you see it when you went in there, was it visible to your eye? A. I think I saw that from standing out in front of the counter; I know it was visible from standing out in front of the counter. Q. Was that before you made a search? A. Yes, sir. . . . Q.

You just saw a bottle sitting on the shelf? A. Yes, sir. Q. And there were other bottles sitting on the shelf, various bottles there? A. He has a stock of groceries there. Q. Could not have told by seeing it in the bottle from anything else? A. I could not have told it from out in front of the counter from water or coal oil or anything else unless I had looked at it closely. Q. Unless you had gone behind the man's counter and taken the bottle down off the shelf and smelled it, you could not have to this day said it was whiskey? A. No, sir.''

It appears from the foregoing evidence that the witness could have seen and perhaps did see a quart bottle containing a small quantity of white whiskey setting on the shelf in the place of business of appellee Dincler, but whether or not this was before or after the search was made under the search warrant he was unable to say. The witness admits, however, that although he could or did see the bottle of whiskey on the shelf he did not know whether it was whiskey or something else, and did not discover that it was whiskey until it had been taken in possession under and by virtue of the search warrant. Therefore the evidence which proved that the bottle contained whiskey was obtained by means of the search warrant, and the search warrant being invalid, the evidence was incompetent upon the trial.

The trial court did not err in directing the jury to find and return a verdict for appellee, and the law is so certified.