## Maynard v. Commonwealth

(Decided January 15, 1924.)

### Appeal from Martin Circuit Court.

1. Searches and Seizures—Affidavit for Search Warrant Must State Facts from which Probable Cause Determined.—An affidavit for a search warrant must state facts from which the existence of probable cause may be determined, and an affidavit based on information, without giving the character or source of the information or the circumstances under which it was obtained, is not sufficient.

2. Intoxicating Liquors—Affidavit for Search Warrant Insufficient.— An affidavit that affiant was informed that a certain person had been selling whiskey, and he was reported to be a maker of

whiskey unlawfully, and had general repute as a moonshine maker and seller, held insufficient to support a search warrant.

J. B. CLARK for appellant.

THOS. B. McGREGOR, Attorney General, JOHN W. WHEELER, JASPER H. PREECE and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY.—Reversing.

The only evidence to sustain the conviction of appellant on the charge of possessing intoxicating liquors was obtained by a search made under a search warrant based on the following affidavit:

"Affiant, Norman Porter, says that he is informed that there is one Lacy Maynard that has been selling whiskey, in that I have information that he sold some whiskey to Brashy James' boy, and that he is reported to be the maker of said whiskey unlawfully, and that the general repute, from what the people say of him, is that of a moonshine maker and seller, and that from the above facts I have reasonable grounds and cause to believe that he is keeping and making whiskey unlawfully, and that I believe that he has it about his residence."

It is the rule in this state that an affidavit for a search warrant must state facts from which the existence of probable cause may be determined, and that an affidavit based on information without giving the character or source of the information, or the circumstances under which it was obtained is not sufficient. Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927. In applying this rule, we have held that an affidavit stating that a named person had informed the affiant that he had seen intoxicating liquor in the house of the accused states facts sufficient to warrant the judge in finding probable cause, even though the affiant would not be competent to testify to those facts at a trial. Goode v. Commonwealth, 199 Ky. 758, 252 S. W. 105. The affidavit in question does not state the source of affiant's information, or the circumstances under which it was obtained. It is based solely on rumor and general repute, and this is not sufficient. It follows that the objection to the evidence should have been sustained, and that the jury should have been directed to find appellant not guilty.

Judgment reversed and cause remanded for new trial consistent with this opinion.