## Neal v. Commonwealth.

(Decided March 8, 1927.)

## Appeal from Boyd Circuit Court.

1. Intoxicating Liquors—Affidavit for Search Warrant Must State Facts Sufficiently Recent to Create Probable Cause for Belief as to Possession or Location of Forbidden Articles (Constitution, Section 10; Ky. Stats. Supp. 1926, Section 2554a-14).—Under Constitution, section 10, affidavit under Ky. Stats. Supp. 1926, section 2554a-14 for search warrant, must state facts so related to time warrant is issued as to create probable cause in mind of officer issuing it to believe that forbidden articles are in possession of person, or secreted in premises, sought to be searched, and affidavit merely stating that affiant believes and has reasonable grounds to believe such facts is insufficient.

2. Intoxicating Liquors—Affidavit for Search Warrant Held Insufficient, as Not Alleging Facts Sufficiently Recent to Create Probable Cause for Believing Defendant Possessed Whiskey (Constitution, Section 10, Ky. Stats. Supp. 1926, Section 2554a-14).—Affidavit under Ky. Stats. Supp. 1926, section 2554a-14, as to seeing various people, at different times within a year, enter defendant's premises sober and leave intoxicated, held insufficient to justify issuance of search warrant, under Constitution, section 10, as not alleging time sufficiently near to create probable cause for be-

lieving that defendant possessed, or had at her home, forbidden whiskey.

JOHN W. McKENZIE for appellant.

F. E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant was convicted in the Boyd circuit court of unlawfully possessing intoxicating liquor and appeals.

The evidence against her was obtained by a search by peace officers under a search warrant, and its competency is questioned upon the theory that the affidavit for the search warrant was insufficient. That is the sole question presented by the appeal. The affidavit for the search warrant was made by B. T. Clark. After stating in effect that the affiant had reasonable grounds to believe and did believe that intoxicating liquor was unlawfully held and possessed by appellant at her home, which was described, on the 27th day of January, 1926, it then reads: "The affiant further states that he obtained his information upon which to base his said belief as follows, to-wit: By seeing various people at different times within a year next before the date hereof enter in and upon said premises sober and later come out of said premises intoxicated."

This court has written many opinions construing and applying section 10 of our Constitution, which provides:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

Section 2554a-14, Baldwin's Kentucky Statute Service, 1926, supplementing Carroll's Kentucky Statutes, requires the oath of affirmation to be by affidavit.

We have uniformly held that to be sufficient the affidavit must state facts sufficient to create in the mind of the officer issuing the search warrant "probable cause" for believing that the person directed to be

searched possesses or that there is secreted in the house or on the premises, directed to be searched, the forbidden article. Further, we have uniformly held that an affidavit is not sufficient if it merely states that the affiant believes and has reasonable grounds to believe such to be the case. See Elliott v. Commonwealth, 216 Ky. 270, and the cases there cited.

It is certainly true that the "probable cause" of the section, *supra,* of our Constitution, as defined and applied by this court, must relate to the time when the search warrant is issued. It follows necessarily that to be sufficient the affidavit must state facts sufficient to create "probable cause" in the mind of the magistrate for believing that the person, directed to be searched, then possesses or then has on his premises or in his houses, directed to be searched, the forbidden article or articles. The facts stated must so relate to the time when the search warrant is issued that probable cause for believing that the person sought to be searched then possesses the forbidden articles or that they are then in the premises sought to be searched is thereby created in the mind of the officer issuing the warrant.

The affidavit now in question stated that the affiant believed and had reasonable grounds to believe that whiskey was being unlawfully possessed by appellant at her home on the 27th day of January, 1926; but when it came to state the facts upon which the affiant based his belief the language which we quoted above was used. That is, affiant stated that he had seen various people at different times within a year next before the date the affidavit was made enter appellant's premises sober and leave intoxicated. So far as the affidavit goes all of the people affiant stated he had seen go into appellant's home sober and leave intoxicated may have done so eleven months and twenty-nine days before the date on which the affidavit was made, or on many others of the three hundred and sixty-five days involved, which were so far removed in point of time from the date when the affidavit was made and the search warrant issued as to furnish no cause for believing, much less "probable cause," that appellant was possessing or harboring whiskey at her home at the time it was sought to be searched by the search warrant. The court is constrained to hold that, for failure to allege the time when the persons were seen entering appellant's home sober and leaving it drunk sufficiently near

to the time when the affidavit was made and the search warrant issued to create in the mind of the officer issuing the search warrant probable cause for believing that she then unlawfully possessed or had at her home the forbidden article, the affidavit was insufficient; and, being so, the search warrant was invalid. Hence, the evidence obtained thereunder was incompetent. The entire case against appellant was founded upon the evidence so obtained and with it excluded the commonwealth did not make a case sufficient to go to the jury.

Ingram v. Commonwealth, 200 Ky. 284, relied upon by the commonwealth as sustaining the sufficiency of the affidavit here in question, is not out of harmony with the principles here announced. The affidavit there stated that the people coming from the house directed to be searched in a drunken condition and the conduct of those resorting to and so leaving it, "*is* a menace to the community." (Our italics). So the facts were alleged to exist in the present and that affidavit was held to be sufficient.

Judgment reversed and cause remanded for proceedings consistent with this opinion.