## Vanhook v. Commonwealth.

(Decided Jan. 24, 1933.)

82

JOHN P. LAIR for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Elon VanHook appeals from a judgment convicting him of a second violation of the Prohibition Law, and fixing his punishment at three years' confinement in the state reformatory.

All the evidence was obtained by a search of appellant's premises under a search warrant based on the following affidavit:

"State of Kentucky, County of Harrison

"Affidavit

"The affiant, Leslie Miller being duly sworn, states that he is reliable informed and verily believes that Elam VanHook has concealed in his house or on or about his premises in Cynthiana, Harrison County, Ky., intoxicating liquor.

"Affiant states that said house and premises are located as follows:

"Being a one story frame house, located on the North side of the West Pearl Street, which runs from Main Street to S. Licking River. Said house being 3rd house East on Pearl Street from Poplar Street intersection on the North side of Pearl St. in Cynthiana, Harrison County, Kentucky.

"Affiant further states that information upon which he relies is as follows:

"That on the —— day of April, 1931, this affiant had a colored man with him in his machine

they hath went to Elam VanHook house as above described. The colored man did not go to the said Elam VanHook upon two separate occasions to secure a price for said liquor, and the said Van-Hook told this affiant that the colored man would go with this affiant to get the said liquor, and that this affiant did go to the said house of Elam Van-Hook and received a can container with intoxicating liquor for which he paid the sum of four dollars.

"Affiant further states that Elam VanHook has the reputation of being a violator of the prohibition law.

"Wherefore affiant says that a search warrant be issued to thoroughly search said house and premises together with all outbuildings for intoxicating liquor.

"Leslie Miller.

"Subscribed and sworn to before me this 2nd day of May, 1931, by L. Miller.

"W. W. VanDeren
"N. P. Harrison County, Ky."

The admissibility of the evidence was properly challenged on the ground that the search was illegal. It is settled law that evidence obtained by an illegal search is inadmissible and that the search is illegal, if made under a search warrant based on an insufficient affidavit. Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927. It is also the rule that an affidavit based on information or belief is not sufficient to support a search warrant, unless accompanied by a statement of facts showing the source of information, or the grounds of belief, of such recent occurrence as to create probable cause for the belief that the forbidden articles were possessed at the time the affidavit was made. Taylor v. Commonwealth, 198 Ky. 728, 249 S. W. 1035; Maynard v. Commonwealth, 201 Ky. 593, 257 S. W. 1024; Elliott v. Commonwealth, 216 Ky. 270, 287 S. W. 726; Neal v. Commonwealth, 218 Ky. 718, 292 S. W. 314. Following this rule we have held in several cases that failure to state the time when the alleged facts occurred was fatal to the affidavit. Abraham v. Commonwealth, 202 Ky. 491, 260 S. W. 18; Griffith v. Commonwealth, 209 Ky. 143, 272 S. W. 403; Coleman v. Commonwealth, 219 Ky. 139, 292 S. W. 711. In the

recent case of Thornton v. Commonwealth, 245 Ky. 336, 53 S. W. (2d) 707, we held that an affidavit reciting that affiant had that day received a letter stating accused ''had whisky on his premises'' was insufficient to sustain a search warrant in that it did not disclose when the liquor was so kept. While we have no cases deciding when the occurrence of the facts alleged in the affidavit will be deemed sufficiently recent to create probable cause for the belief that intoxicating liquors were possessed at the time the affidavit was made, the question has been before other courts. In People v. Mushlock, 226 Mich. 600, 198 N. W. 203, it was held that the occurrence of the facts 20 days before the affidavit was made was too remote to create probable cause. In State v. Gardner, 74 Mont. 377, 240 P. 984, the affiant stated that she saw liquor on the premises of the defendant on January 3, 1925. The affidavit was made and search warrant issued on January 28, 1925, or 25 days later. It was held that evidence of isolated illegal acts on January 3d, did not constitute probable cause to believe that like illegal acts were being committed on January 28th. In Siden v. United States (C. C. A.) 9 F. (2d) 241, the affidavit, which was made and sworn to on December 1, 1922, gave as the ground of affiant's belief the fact that he had purchased whisky from the defendant on November 19, 1922. The court held that the isolated fact that the affiant bought three drinks of moonshine whisky from the defendant on November 19, 1922, did not establish probable cause to believe that on December 1, 1922, defendant was unlawfully in possession of intoxicating liquor.

The affidavit in question was made on May 2, 1931. While the facts relied on were alleged to have occurred ''on the —— day of April, 1931,'' we cannot go behind the affidavit. Its sufficiency must be measured by what appears on its face. Thornton v. Commonwealth, supra. The only date on the affidavit was ''—— day of April, 1931.'' The date not being fixed, the facts may have occurred at any time during the month of April. We therefore conclude that the single purchase of intoxicating liquor from appellant on a day which may have been 30 days before the affidavit was made, was not sufficient to create in the mind of the officer issuing the warrant probable cause to believe that appellant pos-

sessed intoxicating liquor at the time the affidavit was made, and the search warrant was issued.

It follows that the evidence obtained by the search warrant should have been excluded, and there being no other evidence of appellant's guilt, his motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for a new trial consistent with this opinion.