## Neely v. Commonwealth.

(Decided June 25, 1937.)

452

KENNEDY & KENNEDY for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KEL-LER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Bill Neely, was indicted by the grand jury of Pulaski county accused of the crime of feloniously breaking and entering the storehouse of John Lewis, located at Tateville, a village in that county, with the intent to steal therefrom property of Lewis, and appropriate same without his consent, which it charged was done. At his trial appellant was convicted and punished by confinement in the State Penitentiary for three years. The court overruled his motion for a new trial, and from the verdict and judgment pronounced thereon he prosecutes this appeal. Three points are argued as grounds for reversal, which are (1) insufficiency of the evidence to sustain the conviction; (2) insufficiency of the affidavit for a search warrant under which appellant's premises were searched, thereby requiring the exclusion of the evidence discovered by the search; and (3) erroneous instructions. They will be determined in the order named.

1. The record developed that there were two other persons engaged in the breaking and robbing of Lewis' store which occurred on the night of October 13, 1936, but the other two (one Love and one Smith) were separately accused, one of whom confessed and was convicted and the other was convicted under a plea of not guilty. Just why a joint indictment was not returned is not explained. The affidavit for and the issuing of the search warrant was made and procured one week later, October 20, 1936. Between the date of the robbery and the 20th of October a portion of the goods were found in the possession of one of the other two companions in crime in the city of Ashland, Ky., and a considerable portion of the stolen articles were found in the barn of appellant's father, located near Burnside, Ky., in which latter place appellant resided. The of-

ficers who executed the search warrant found in defendant's residence a large quantity of safety razor blades of the same make and kind handled by Lewis in his store; also cigarette boxes of the same brand of cigarettes handled by him, some shoe boxes and other minor articles, all of which were identified as contents of Lewis' store and bearing his cost marks that he or some of his clerks had put thereon. The searching officers also found in the toilet sink nearby appellant's residence some ladies hose, some dresses, some pairs of shoes and other articles, each and all of which were likewise identified as the property of Lewis, and which was contained in his store before the breaking. Those goods had been recently deposited where they were found, and the identifying witnesses had no trouble in doing so.

Furthermore, a witness testified that he saw appellant, Smith, and Love together late one evening about the time of the commission of the crime, but he was unable to positively state that it was the same evening, although other circumstances testified to in the case practically demonstrated that the gathering of the three, as testified by that witness, was the same evening of the breaking. Defendant did not testify in the case, nor did he introduce any witness in his behalf. It was also proven and uncontradicted that defendant's wife, between the date of the breaking and the date of the search, one week thereafter, wore a dress, some shoes, and perhaps other articles that were later found in the toilet sink and identified as the property of Lewis, and which constituted a part of his stock of merchandise. Without further elaboration of the testimony, we think ground (1) relied on for a reversal is wholly without foundation.

2. The affidavit for the search warrant, the insufficiency of which is the basis of ground (2), was made by the sheriff of the county in which he states that he believes and "has grounds to believe" that some or all of the stolen property was contained in defendant's residence, and that "the grounds of his belief are that Bill Neely took a part of said property there and hid same upon the premises above described." It is not contended (but if it were it would be unsustainable) that the quoted statement from the affidavit was not the statement of an ultimate fact which we have held in a number of cases is essential to the granting of author-

ity to issue a search warrant. However, counsel vigorously argue that under the rule we announced in the cases of Bentley v. Commonwealth, 239 Ky. 122, 38 S. W. (2d) 963, 964, and others therein cited, the time intervening between the commission of the crime and the date of the issuing and serving of the search warrant (being exactly one week) made the one too far removed from the other so as to authorize the search and the introduction of the evidence thereby discovered. In the cases referred to the intervening time between the two transactions was wholly indefinite. It was not absolutely fixed at the maximum space of one week as is true in this case. In the Bentley opinion, in discussing the instant question, we said: "Of course, no one contends that the precise date of the occurrence of the necessary facts should be given by the affiant, but they should be so near in point of time to the making of the affidavit and the issuance of the search warrant to create the reasonable belief that the same conditions described in the affidavit still prevail."

The evidence sought to be discovered in the Bentley Case was an illicit still, while that sought to be discovered in the cases cited therein and relied on by appellant's counsel was illegally possessed liquor. In the Bentley Case nothing appeared to show when the ultimately stated fact in the affidavit for the search warrant occurred, and in the others the time intervening between the occurrence of such fact and the making of the affidavit was of such length as to show that the goods sought to be discovered would most likely have long since been consumed. Moreover, in such cases the character of articles sought to be discovered, as evidence, were such as to be wholly destroyed by their appropriation to the purposes they were intended to serve. Not so, however, with wearing apparel and the character of articles involved in this case, since their evidentiary effect would be as substantial if they had been put into use (but yet carried their identifying marks) a week or more after their appropriation the same as if they had been discovered by a search warrant immediately following the appropriation. Therefore, we conclude that what we said in the Bentley opinion—"but they should be so near in point of time to the making of the affidavit and the issuance of the search warrant to create the reasonable belief that the same conditions described in the affidavit still prevail"—is peculiarly

applicable to the facts of this case, and justifies the ruling of the court in sustaining the affidavit and the search warrant based thereon, and also in overruling appellant's motion to exclude the evidence thereby discovered.

3. The only instruction complained of in support of ground (3) is No. 1 given by the court to the jury. It submits the issue of defendant's guilt of the crime of which he is accused in appropriate language in every respect; but it uses the disjunctive "or" at a place therein where the appropriate word was the conjunctive "and." By so doing a critical analysis of the construction would make it appear that the court, in the language following the inappropriate disjunctive, also intentionally submitted defendant's guilt or innocence of the crime of larceny in addition to that of store breaking. Technically the instruction was thereby rendered imperfect and might have created an error under similar circumstances, of sufficient materiality and prejudicial effect to authorize a reversal of the judgment. But such a consequence in the circumstances here proven was, as we conclude, impossible under the proof in this case—so much so as to force the conclusion that the error was not prejudicial and insufficient to authorize a reversal of the judgment, under the authority conferred upon us by section 353 of the Criminal Code of Practice. It directs the reversal of a judgment of conviction only when "upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby."

In this case the testimony showed without contradiction that the storehouse broken into was fastened at the time its occupants left for the night during which the breaking was committed, and that the entrance was effected by the breaking of windows. In no other manner could the goods therein contained be stolen and carried away by appellant and appropriated to his own use. The use of the inappropriate disjunctive word "or" instead of the conjunctive one "and" was, no doubt, a clerical error on the part of the court in drafting the instruction, and it is impossible that such a mistake could have misled the jury to the defendant's prejudice. Its members knew that he was accused in the indictment of, and being tried for, breaking into the store of Lewis and taking therefrom articles composing its contents. The store had to be broken into before

the goods could be obtained therefrom. The proof showed that such breaking was done and some of the goods were found in and upon defendant's premises. There can, therefore, be no doubt but that the jury intended to and did convict appellant of the identical offense of which he was accused in the indictment.

Wherefore, for the reasons stated, the judgment is affirmed.