## Stroud v. Commonwealth.

Nov. 12, 1943.

Wells Overbey for appellant.

Hubert Meredith, Attorney General, and Miss Blanche Mackey, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

On the first appeal of this case, reported in 291 Ky. 588, 165 S. W. (2d) 172, the judgment was reversed because the indictment charged appellant, Buel Stroud, with a violation of the alcoholic beverage control law of 1938, KS 2554b-150 (now KRS 243.020) in local option territory. We held that no public offense was charged and that one trafficking in liquor in local option territory must be prosecuted under the local option law of 1936, KS 2554c-1 to 2554c-34 (now KRS 242.010 to 242.990) and not under the alcoholic beverage control law.

On return of the case to the circuit court the grand jury indicted appellant for violating the local option law by having in his possession a certain quantity of intoxicating liquor for the purpose of sale. Upon trial he was convicted, his punishment fixed at a fine of $100 and confinement in jail for sixty days, and he moves this court to grant him an appeal.

The motion and grounds for a new trial assigned twelve errors, practically all of which were argued in appellant's brief. But as the judgment must be reversed on account of a fatal defect in the affidavit upon which the search warrant was issued, under which all the evidence was obtained, we deem it unnecessary to consider or discuss the other grounds relied upon for reversal. However, it will be necessary to answer the Commonwealth's contention that appellant's wife consented to the search in his presence, thereby waiving any defect in the affidavit upon which the search warrant was based.

The affidavit under consideration was made on Jan. 23, 1942, by Talmage Lee, a field representative of the Department of Revenue. He executed the affidavit upon information furnished him by Raymond D. Stegall, another field representative for the Department of Revenue, that appellant had whiskey for sale stored in his

house. Lee's reason for believing Stroud was violating the liquor law is expressed in the affidavit in these words: "On Jan. 23rd, 1941, Raymond D. Stegall told the affiant that alcoholic beverages was being stored and sold from the above described premises, and had been stored at this premises and sold from the above described premises within the last ten days."

To make sure that the date contained in the affidavit, "Jan. 23rd, 1941," was not a typographical error of the reporter, we have obtained the record on the former appeal and have ascertained from it that this affidavit as copied in that record recites that the date this information was furnished Lee by Stegall was on Jan. 23rd, 1941.

The only evidence introduced against appellant was that obtained through a search of his premises, the admissibility of which was duly challenged by him on the ground that the search was illegal. It is the rule in this jurisdiction that the affidavit supporting a search warrant must contain a statement of facts showing the source of the information which must be of such recent occurrence as to create a probable cause for the belief that the forbidden articles were possessed at the time the search was made. Neal v. Com., 218 Ky. 718, 292 S. W. 314. The affidavit in the instant case shows that one year to the day elapsed after Stegall told Lee that liquor was being stored in and sold from appellant's home before Lee executed the affidavit upon which the search warrant was issued. This was much too remote to create in the mind of the county judge issuing the search warrant that there was probable cause to believe appellant was violating the liquor law at the time the affidavit was made and the search warrant was issued. Van Hook v. Com., 247 Ky. 81, 56 S. W. (2d) 702.

In all probability Stegall furnished this information to the affiant Lee on Jan. 23, 1942, the date the latter executed the affidavit, and not on Jan. 23, 1941, as stated in the body of the affidavit. But courts cannot go behind such an affidavit for the purpose of testing its sufficiency, and whether or not the affidavit is sufficient must be determined by what appears on its face. Thornton v. Com., 245 Ky. 336, 53 S. W. (2d) 707; Van Hook v. Com., 247 Ky. 81, 56 S. W. (2d) 702.

While the sheriff was reading the search warrant to Mrs. Stroud, appellant's wife, and with her husband

near-by, she said to the sheriff: "All right, just search —search wherever you want to." The Commonwealth contends that thereby consent was given to search the premises and it is immaterial whether or not the affidavit was sufficient to support the search warrant.

With this we are unable to agree. Clearly, no waiver of the search warrant was intended by Mrs. Stroud or by appellant. When an officer armed with a search warrant comes to a citizen's home and reads the warrant to him, or her, for the purpose of searching the premises, the citizen is compelled to submit to the search. It is not necessary to resist the officer or to defy him to make the search in order to protect one's rights. Mrs. Stroud, by telling the sheriff: "All right, just search," was but showing her respect for and obedience to the law and she was not consenting to the search regardless of the validity of the search warrant. Duncan v. Com., 198 Ky. 841, 250 S. W. 101; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Elmore v. Com., 282 Ky. 443, 138 S. W. (2d) 956, 961.

Appellant's motion to exclude the evidence obtained through the search warrant should have been sustained. As there was no other evidence introduced against him, his motion for a directed verdict likewise should have been sustained. The motion for an appeal is granted and the judgment is reversed for proceedings consistent herewith.