## Owens v. Commonwealth.

February 22, 1949.

Roy Wilhoit for appellant.

A. E. Funk, Attorney General and Armand Angelucci, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

### Statement.

Appellant was indicted by the grand jury of Boyd County for the crime of setting up and carrying on a game of chance known as poker in violation of KRS 436.230. Upon trial of the case before a jury, he was convicted and his punishment fixed at a fine of $500 and one year in the State Penitentiary. From a judgment based on that verdict, he prosecutes this appeal.

### Points on Appeal.

Reversal of the judgment is sought on four grounds: (1) Error of the trial court in overruling appellant's motion to quash the search warrant and to suppress the evidence produced thereunder; (2) admission of incompetent evidence as to appellant's reputation; (3) court erred in overruling defendant's motion for peremptory instruction; (4) the verdict is contrary to law and is flagrantly against the evidence.

### Defective Affidavit.

Since the case must be reversed on ground (1), it will not be necessary for us to consider the other grounds.

No complaint is made of the general form of the affidavit which was made by a police officer to secure the search warrant, but upon the source from which he obtained his information as set out in the closing paragraph of that affidavit as follows:

"The affiant further states that he obtained his information upon which to base his said belief as follows, to wit: Affiant states that on the 8th day of August, 1947, a boy by the name of Smith told this affiant that he purchased beer and whiskey on the premises at the above address and later played poker and lost $70.00, and that this affidavit is made for the purpose of procuring a search warrant to be issued for the search of said premises and the seizure of said articles."

We are of the opinion that the above affidavit is defective in two particulars; first because it did not fix or state any time when the boy named Smith bought the whiskey or lost his money playing poker. True, the affidavit gives the date when the boy told the affiant, but no mention is made of the time when the gambling occurred. We held this to be necessary in the case of Bentley v. Commonwealth, 239 Ky. 122, 38 S.W.2d 963, in which we said:

"In the cases of Abraham v. Commonwealth, 202 Ky. 491, 260 S.W. 18, 19; Griffith v. Comonwealth, 209 Ky. 143, 272 S.W. 403, and Coleman v. Commonwealth, 219 Ky. 139, 292 S.W. 771, 772, we had before us affidavits, in support of the issuance of search warrants, which contained statements to produce probable cause for the issuing of the warrant in all essential respects the same as the above excerpt from the affidavit in this case for the same purpose. In each of those cases we held that, regardless of the sufficiency of the substance of the statements, none of them fixed or stated any time when the alleged facts happened, and that, since it was necessary for that to be done in order to show whether such conditions were true and coexistent with the time of the issuing of the warrant, they furnished no authority to the issuing officer for believing that the facts attempted to be stated in the affidavit were then true and, consequently, no authority for him to issue the warrant, and which conclusion to our minds is inescapable."

The second defect in the affidavit was the failure to

name the informant in such way that he could be identified. According to the affidavit the informant was "a boy named Smith." Since there are necessarily many boys named Smith in Ashland, as elsewhere, we do not consider this as sufficient. We think it does not identify the informant any more than did the words "reliable and credible citizen" which we held insufficient in the case of Hammond v. Commonwealth, 218 Ky. 791, 292 S.W. 316, in which it was said:

"An affidavit based upon information given the affiant by an unnamed person is insufficient; such an affidavit is based only on rumor and general repute and does not furnish the basis upon which an official is justified in finding the existence of probable cause for the issual of the search warrant. Maynard v. Commonwealth, 201 Ky. 593, 257 S.W. 1024.

"If the affidavit is based upon information and fails to disclose the affiant's informant, it not only does not furnish the magistrate issuing the warrant the means of determining the source of the information and its credibility, but it fails to furnish to the accused the name of his real accuser or the facts which will enable him to seek redress, if the charges be false. Arnold v. Commonwealth, 206 Ky. 347, 267 S.W. 190."

Obviously under these authorities the affidavit was insufficient to support a valid search warrant and the evidence obtained thereby was incompetent. It follows that defendant's motion to quash the search warrant and suppress the evidence obtained thereunder should have been sustained and the jury peremptorily instructed to find the defendant not guilty. For these reasons, the judgment must be reversed.

Judgment reversed.