## CRUSE v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 9, 1951.

Shumate & Shumate, Irvine, for appellant.

A. E. Funk, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Justice.

Noel Cruse was convicted in the Jackson Circuit Court at the October 1950 term of having moonshine liquor in his possession for the purpose of sale in local option territory and his punishment was fixed at a fine of $100 and 30 days confinement in the Jackson County jail. He moves for an appeal, assigning as errors that the circuit court permitted incompetent evidence to go to the jury over his objection and exception and that the court erred in overruling his motion for a peremptory instruction.

Appellant contends that the affidavit supporting the issuance of the search warrant is fatally defective and for this reason the evidence obtained by the search was inadmissible. The search warrant was based upon an affidavit filed by the sheriff, stating the following reason for his belief: "Reputable citizens are sure that intoxicating beverages are handled and sold by the above Nolan Cruse and he told the sheriff he dealt in liquors." .

There is no date on the face of the affidavit stating when the complaint was made or when appellant told the sheriff that he dealt in liquors. The law is well settled that a failure to set forth the time when the alleged facts occurred renders the affidavit insufficient to create probable cause and the search warrant issued pursuant thereto is void. Duncan v. Commonwealth, 297 Ky. 217, 179 S.W.2d 899; Van Hook v. Commonwealth, 247 Ky. 81, 56 S.W.2d 702.

It follows that the evidence obtained by the search warrant should have been excluded and, there being no other evidence of appellant's guilt, his motion for a peremptory instruction should have been sustained. Van Hook v. Commonwealth, supra.

Wherefore, the motion for the appeal is sustained and the judgment is reversed for proceedings consistent herewith.