Florence RAMSEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 19, 1959.

Sanders & Redwine, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., for appellee.

EBLEN, Judge.

Florence Ramsey and Warren Ramsey, her son, were found guilty of possessing al-

coholic beverages in local option territory for purposes of sale and each was fined $100 and sentenced to 60 days in jail. Florence Ramsey appeals and advances several grounds for reversal. We confine this opinion to a consideration of the failure of the lower court to give a special instruction because the evidence tended to establish a defense other than simple denial of possession.

The facts in this case are similar to those in the case of Nobel v. Commonwealth, Ky., 295 S.W.2d 343. A search of the premises of Florence Ramsey, made under the authority of a search warrant, resulted in the finding of several half pints of whiskey, some in a cigarette machine and the rest in a deep freeze. Warren Ramsey testified that Elmer Layne brought the whiskey to him and that he (Warren) placed it in the cigarette machine and deep freeze to keep it for Elmer, and that his mother had no interest in it and knew nothing about it. Florence Ramsey confirmed her lack of knowledge of and interest in the whiskey by her testimony.

A concrete instruction submitting the appellant's defense was required and failure to give it was prejudicial error according to the Nobel decision and other cases cited therein. It is said that this is necessary since the ordinary juryman may not easily understand that the negative of the instruction given covers such a defense. In passing, the writer cannot refrain from stating a personal belief that the whole problem stems from an adherence to a stereotyped form of written instruction meticulously phrased in technical terms, and that this Court has far more difficulty in formulating these instructions than do the juries in making proper application of the same. Be that as it may, the law is firmly established.

The motion for an appeal is granted, and the judgment is reversed with directions that it be set aside and the case remanded for a new trial.