Bob WEBB, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1960.

R. B. Harrington, Paintsville, for appellant.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Bob Webb was tried and convicted in the Johnson Circuit Court for the offense of possessing alcoholic beverages for the purpose of sale in local option territory. The punishment imposed was a fine of $50 and 30 days in jail. Webb has moved for an appeal from the judgment entered on the verdict, urging this ground for reversal:

The affidavit was insufficient to authorize the issuance of a search warrant and the lower court erred in admitting evidence obtained thereunder as a result of the search.

The pertinent portions of the affidavit read as follows:

"The affiants Clyde Slone and Davis Trimble, Deputy Sheriffs of Johnson County, Kentucky states that they have been observing Robert Webb and Hidie Daniels on the streets of Paintsville and that they are contacting men who are drinkers of whiskey and that Webb and Daniels are making transactions which they believe are that of delivering whiskey to certain people. They saw Webb and Daniels contact Ford McCarty and Ralph Hitchcock and that there was a transaction where money passed from one to another.

"That Hidie Daniels are making trips from the street to the home of Robert Webb and Sid Webb and when *the* go to the home they stay only a short time and return to Main Street and contact men. Affiants believe that Robert Webb and Hidie Daniels are engaged in the sale of whiskey and that the supply of whiskey for sale is stored in the residence of Sid Webb and Robert Webb. The residence is a two story framed and weather-boarded house, located on East Street, in the City of Paintsville, Kentucky and next to the Flower Shop of Henderson's."

The instant affidavit failed to set or fix any date or period of time when the alleged facts occurred. The law is well settled that a failure to state any date or time when the purported facts set forth happened renders the affidavit insufficient to create probable cause for the belief that the forbidden articles were possessed at the time the affidavit was made. Therefore, since the affidavit under attack was fatally defective, the search warrant issued pursuant to it was void. See Abner v. Commonwealth, Ky., 298 S.W.2d 314; Emberton v. Commonwealth, Ky., 269 S.W.2d 206; Cruse v. Commonwealth, Ky., 243 S.W.2d 675; and Owens v. Commonwealth, 309 Ky. 478, 218 S.W.2d 49.

As the affidavit was defective, the evidence obtained by the search was inadmissible. The only evidence left against appellant was that of his bad reputation for trafficking in liquor, which, standing alone, was insufficient to sustain a conviction under the local option law. Sullivan v. Commonwealth, 304 Ky. 780, 202 S.W.2d 619; Givens v. Commonwealth, Ky., 242 S.W.2d 855. Therefore the motion for directed verdict should have been sustained. Van Hook v. Commonwealth, 247 Ky. 81, 56 S.W.2d 702.

Wherefore, the motion for an appeal is sustained and the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.