**Charles "Red" WILLIAMS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 16, 1962.

Wm. R. Forester, Harlan, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant was convicted of unlawfully possessing intoxicating liquor in local option territory. The incriminating evidence was obtained by virtue of a search warrant. The affidavit supporting the warrant was based on information given to the affiant by another. It stated that the named informant told affiant that appellant "has in his possession at this time beer and whiskey in said dwelling home for the purpose of sale."

Even before the decision in Henson v. Com., Ky.1961, 347 S.W.2d 546, which declared the same rule applicable to affidavits based on the affiant's personal observation, it was well settled that an affidavit based on information or belief is defective unless it discloses when the observation was made by the informant. See Com. v. Dincler, 1923, 201 Ky. 129, 255 S.W. 1042; Abraham v. Com., 1924, 202 Ky. 491, 260 S.W. 18; Van Hook v. Com., 1933, 247 Ky. 81, 56 S.W.2d 702; Barton v. Com., 1935, 257 Ky. 419, 78 S.W.2d 310; Duncan v. Com., 1944, 297 Ky. 217, 179 S.W.2d 899; and Webb v. Com., Ky.1960, 339 S.W.2d 177. Hence the warrant in this case fails for lack of a sufficient supporting affidavit, and the evidence obtained through it was inadmissible.

It appears from the testimony that the informant, Morris, had bought liquor from the appellant at the latter's house earlier

during the same evening in which the affidavit was made. It would have been no more burdensome to say so in the affidavit than it has been to say it here.

Motion for appeal sustained and judgment reversed.