**Walter (Sonny) GOSSETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 29, 1968.

---

Fritz Krueger, Somerset, E. G. Bertram, Jr., R. B. Bertram, Bertram, & Bertram, Monticello, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, C. Homer Neikirk, Commonwealth's Atty., Somerset, for appellee.

DAVIS, Commissioner.

Walter (Sonny) Gossett was indicted under Chapter 242 of the Kentucky Revised Statutes, commonly known as the "local option law," for possessing sixteen pints of liquor for the purpose of sale. Gossett also was charged with having been found guilty of two previous offenses of violating the local option law. He was convicted as charged and sentenced to the maximum of two years in the state penitentiary. KRS 242.990. He appeals from that judgment.

About the fifth day of November 1966, State Trooper Hail made an affidavit for the purpose of obtaining a warrant for search of Gossett's property. The affidavit

was based upon limited observations made by Hail and upon information supplied to him by Vestal Cline. Armed with the search warrant, Hail and other officers went to the Gossett premises. While the search warrant was being read to Effie Gossett, Walter's wife, officers searched the premises and discovered sixteen pints of whiskey in a sack in the antique shop in back of the house. At that time Walter arrived home.

■ Gossett contends that the trial court erred in admitting incompetent evidence over his objection. The Commonwealth's attorney asked Hail about obtaining the search warrant and filed the affidavit and search warrant in evidence. When he was interrogated regarding the search and the results, an objection was made which was overruled. He testified "there was sixteen pints of whiskey found in the antique shop in the back of the house in a sack." Gossett contends that the affidavit in question was insufficient to authorize the issuance of the search warrant for the Gossett premises, because the information upon which it was based was too remote in time. He charges that the pertinent portion of the affidavit on this question read: "* * * that he has this day been told by Vestal Cline that in the last ten days he was on the aforesaid premises * * *." He relies on Williams v. Commonwealth, Ky., 355 S.W.2d 302, in which the affidavit stated that the informant told him that the defendant "has in his possession at this time" intoxicants for the purpose of sale, and on Henson v. Commonwealth, Ky., 347 S.W.2d 546, in which the affidavit stated "that the defendant 'now has in possession,' * * * alcoholic beverages." We held in Williams and Henson that the affidavit for the search warrant was defective by not disclosing when the observation was made. In the case now before us the informant told the officer "* * * that in the last ten days he was on the aforesaid premises, and in the building in the rear of residence known as the antique store room

and that he saw on the floor a large quantity of bottled whiskey, and that Walter (Sonny) Gossett said to him: 'I always keep on hand a good supply of whiskey; calls come to me over the telephone for liquor, and I drive off to answer the call and deliver the whiskey.' "

The United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), stated new guidelines for determining the sufficiency of affidavits. We quote a portion of that opinion as follows:

"* * * the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

\* \* \* \* \* \*

"* * * when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Citation omitted.)

The affidavit was sufficient. United States v. Bowling, 6 Cir., 351 F.2d 236; Rosencranz v. United States, 1 Cir., 356 F.2d

310; Bentley v. Commonwealth, 239 Ky. 122, 38 S.W.2d 963; Neely v. Commonwealth, 269 Ky. 451, 107 S.W.2d 305.

After explaining to the jury panel the nature of the case, the court asked whether "any one of the jurors knew or had heard anything about the case or knew of any reason why they could not sit as jurors in the matter and render a fair and impartial verdict." There was no response from any one of the twelve jurors who were ultimately accepted.

When the circuit clerk testified from his records, he revealed that Walter Cline, one of the jurors, had been a member of the jury which convicted Gossett in 1951, and Ottis Van Hook had been on the jury which found Gossett guilty in 1962. These were the two previous convictions on which Counts 2 and 3 of the indictment were based. Gossett's counsel promptly moved "to discharge this jury and continue this cause for this reason, the testimony of the last witness discloses * * * that two jurors in this case said they knew nothing about it, one was on the 1951 conviction and the other was on the 1962 conviction." The judge said that he had realized that these two had been on the previous juries, but that he considered this to be "inconsequential." Gossett seeks reversal claiming that he was not tried by an impartial jury. The Commonwealth argues that Gossett should have made this objection before the jury was sworn, but there was no showing that he recognized these men as having been on the juries which had convicted him.

■ Section 11 of the Kentucky Constitution guarantees to "the accused" a "trial by an impartial jury." RCr 9.36(1) directs that "* * * when there is reasonable ground to believe that a juror cannot render a fair and impartial verdict on the evidence he shall be excused and disqualified to serve." The right of each side to an impartial jury is of great importance. Hemphill v. Commonwealth, Ky., 405 S.W.2d 956. The party charged with a criminal offense is entitled to be tried by a fair and impartial jury composed of members who are disinterested and free from bias and prejudice actual or implied or reasonably inferred. Tayloe v. Commonwealth, Ky., 335 S.W.2d 556; Brumfield v. Commonwealth, Ky., 374 S.W.2d 499.

■ In 31 Am.Jur., Jury, Section 140, Page 123, it is written: "Most authorities take the position that the defendant in a criminal prosecution is entitled to make reasonable and pertinent inquiries of a juror on his voir dire, so that he may exercise intelligently and wisely his right of peremptory challenge." In Webb v. Commonwealth, Ky., 314 S.W.2d 543, we recognized the purpose of the voir dire examination and pointed out that the trial court had erred in limiting the voir dire, but found it unnecessary to determine whether that error was prejudicial since the case was reversed on another ground. The situation at bar is somewhat aggravated when it is recalled that the trial judge pointed out that he had realized that Walter Cline and Ottis Van Hook had sat as jurors in the two previous trials of Gossett, and that they had not made disclosure of it, but that he considered the matter to be "inconsequential." RCr 9.38 provides that the trial judge may permit the attorney for the Commonwealth and the defendant or his attorney to conduct voir dire examination, or the judge may conduct it himself. Where the court conducts the voir dire, as was done here, and recognizes that members of the panel have failed to make accurate answers, whether inadvertently or otherwise, that circumstance should be brought to the attention of the parties. The right of intelligent exercise of peremptory challenges as permitted by CR 9.40 is a valuable one. Here the defendant was not fully apprised of the situation respecting prospective jurors, Cline and Van Hook, and the trial court knew it. We believe this was prejudicial error requiring a new trial.

The rationale of Bowling v. Commonwealth, Ky., 286 S.W.2d 889, and Young v. Commonwealth, Ky., 286 S.W.2d 893, does

not rule this case because in each of those cases the defendant and his counsel knew that the jurors had served in previous trials involving the defendant and could have exercised peremptory challenges.

Objection was made to the failure to grant a continuance because of the absence of a witness. We need not consider whether error was committed in this respect as the situation likely will not recur at another trial.

The appellant complains of the form and substance of Instruction No. 3 relating to a special defense based on defendant's claim that the whiskey belonged to his wife. See Ramsey v. Commonwealth, Ky., 325 S.W.2d 307. There is serious question whether the defendant has properly preserved the claimed error in the instruction within the rule of Hatton v. Commonwealth, Ky., 409 S.W.2d 818, and Stewart v. Commonwealth, Ky., 389 S.W.2d 910. There is some dispute whether the question now presented was ever presented to the trial court as appeared in Marcum v. Commonwealth, Ky., 398 S. W.2d 886. Since there may be another trial, we point out that Instruction No. 3, as given, was not in proper form. The defense should have been presented by an instruction within the tenor of the decisions in Ramsey v. Commonwealth, Ky., 325 S.W.2d 307, and Noble v. Commonwealth, Ky., 295 S.W.2d 343, without embellishment relating to possible agency between Gossett and his wife.

The judgment is reversed for further proceedings consistent with the opinion.

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.

OSBORNE, J., dissents, because he agrees with the trial judge in that he considers the matter to be inconsequential.

EDWARD P. HILL, J., joins in this dissent.