**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**JAMES "JIMMY" STEPHENS, Defendant**

---

6

High Court of American Samoa
Trial Division

CR No. 31-95

February 23, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Barry I. Rose

Order Granting Motion to Suppress:

On June 30, 1995, defendant James "Jimmy" Stephens was arrested as a suspect in the burglary of the home of his ex-wife Cecilia Tolo. The arrest warrant was based, in part, on Tolo's report that Stephens had threatened to kill her while brandishing a shotgun on the day of the alleged burglary. Although Tolo did not recognize the shotgun, she reported that she had seen Stephens with various firearms on many occasions, and revealed her beliefs regarding the whereabouts of these weapons to Officer Ta`ase Sagapolu. Sagapolu then used this information to obtain a warrant to search for weapons in Stephens' residence, his offices, and his vehicles. Three firearms, an air rifle, and

twelve boxes of ammunition were seized in the resulting searches. On October 16, 1995, Stephens filed a motion to suppress this evidence, alleging the absence of probable cause for the issuance of the warrant because Tolo admitted that she had not seen Stephens with a weapon, other than the aforementioned shotgun, in the past three years.

In support of his motion, defendant cites various authorities for the principle that information in an affidavit supporting a search warrant should be recently obtained, and that stale information does not provide probable cause. *Sgro v. United States*, 287 U.S. 206, 210-11 (1932); *Stroud v. Commonwealth*, 175 S.W.2d 368, 369 (Ky 1943). The Defendant further argues that an affidavit failing to disclose the time when the supporting information was obtained is insufficient to create probable cause. *Poldo v. United States*, 55 F.2d 866, 868 (9th Cir. 1932); *Stroud, supra* at 369. An affidavit must demonstrate probable cause on its face at the time the warrant is issued, and information beyond the affidavit will not cure defects. *Stroud, supra* at 369. While the prosecution accepts these legal principles, it argues for a "good faith" exception since the affiant officer did not know that the information was stale and didn't think to ask as a consequence of his inexperience.

In the landmark case *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court modified the exclusionary rule so as not to bar evidence obtained by the police through objective "good faith" reliance on a facially valid warrant that is ultimately found to be unsupported by probable cause. This principle is based on the premise that the exclusionary rule is not mandated by the Fourth Amendment to the United States Constitution as a matter of right, but rather is a judicially created enforcement mechanism for the protection of Fourth Amendment values. *Leon, supra* at 906. This mechanism properly functions only as a deterrent to *future* Fourth Amendment violations, and is in no way intended to "cure the invasion of the defendant's rights which he has already suffered." *Stone v. Powell*, 428 U.S. 465, 486 (1976). Because the exclusionary rule is not mandated, nor remedial for the individual defendant, there is wide latitude under the United States Constitution for the creation of reasonable exceptions. Since suppressing evidence obtained in "good faith," pursuant to an invalid warrant would have little deterrent value, the Supreme Court held that "good faith" provides an exception to the exclusionary rule when a warrant is found to be invalid after the search has been conducted. *Leon, supra* at 919-23.

In American Samoa, however, the foregoing principles do not apply. The Revised Constitution of American Samoa, art. I § 5 precisely mirrors the language of the Fourth Amendment to the United States Constitution, but adds a sentence at the end, constitutionalizing the exclusionary rule by stating:

8

> Evidence obtained in violation of this section shall
> not be admitted in any court.

Since the relevant "section" includes language that "no warrants shall issue, but upon probable cause," any issuance of a warrant without probable cause is a per se "violation," invoking a strict exclusionary rule which is not susceptible to a judicially created exception for good faith. *See American Samoa Gov't v. Samana*, 8 A.S.R.2d 1, 3 (Trial Div. 1988). The policy reasons for creating such exceptions have been "rendered irrelevant by the framers of the territorial constitution." *See Id.* Thus, the deterrence rationale of the federal exclusionary rule does not apply in American Samoa, and in fact "the culpability of the police is not a factor in the American Samoa scheme." *American Samoa Gov't v. Sefo*, 21 A.S.R.2d 32, 36 (Trial Div. 1992).

The remaining question is whether probable cause may exist, and indeed whether it existed in this case, in the absence of information in the affidavit as to the time the relevant information was last verified by the informant. It is clear from the authorities cited above, and by the prosecution's own acknowledgment, that stale information will not support a finding of probable cause, and that an affidavit is fatally deficient if it fails to show the time when relevant information was obtained. *Cf. Sgro, supra; Stroud, supra; Poldo, supra.*

■ In the present case, however, the affidavit does state the time that Tolo obtained information about Stephens' possession of the shotgun alleged in Count V of the information, and Tolo's assertion that Stephens personally threatened her with this weapon is certainly a reasonable basis for a finding of probable cause. If some portions of an affidavit contain "material inadmissible to serve as a basis for the issuance of a search warrant, this fact does not invalidate the warrant if in addition the affidavit contains other essential allegations sufficient to establish probable cause." *Kay v. United States*, 311 F.2d 317, 321 (9th Cir. 1962).

■ Although the affidavit established probable cause for the shotgun, it did not establish independent probable cause for the existence of other weapons. The question of whether probable cause for the one distinct item, accompanied by less compelling evidence for similar items, justifies greater generality in drafting the warrant is one of first impression. We think it unjustified, however, to bootstrap a warrant for a general category of items to a single item for which probable cause exists. Generic categories of items to be seized will generally not limit a search sufficiently to satisfy the Constitution, *American Samoa Gov't v. Whitney*, 20 A.S.R.2d 14-15 (Trial Div. 1992), but it is permissible to use

9

general categories when circumstances make a more specific description of instrumentalities an impossibility. *James v. United States*, 416 F.2d 467, 473 (5th Cir. 1969). The present matter is clearly not such a case. Probable cause supported the conclusion that Stephens possessed a shotgun, but did not support the presence of the other weapons. When a warrant is generalized to support broader exploration than required to seize the supportable objects of the search, it violates the "particularity" requirement of Article I § 5. *Whitney, supra* at 13. Evidence found as a result of such a warrant must, therefore, be suppressed.

## ORDER

The search warrant issued in the present matter is hereby quashed, and any evidence gathered by use of this warrant is, accordingly, suppressed. Since the weapons and ammunition seized during the relevant search are contraband, they are confiscated and may not be returned to Stephens. A.S.C.A. § 46.4234. *American Samoa Gov't v. Seiuli*, CR No. 7-95, slip op. at 10 (Trial Div. September 28, 1995). If any non-contraband items were seized, Stephens may advise us and attempt to recover them in a separate motion.

It is so ordered.