CASE 51—PETITION—APRIL 20.

# Commonwealth v. Blackwell.

APPEAL FROM UNION CIRCUIT COURT.

1. VACANCY IN OFFICE OF SHERIFF—APPOINTMENT OF TAX COLLECTOR.—Where a sheriff is removed from office upon motion of his sureties, and the office declared vacant, the county court has power to appoint a collector of a railroad tax for a particular taxing district in the county, the appointment being authorized both by the special act levying the tax and by sec. 4131 of the Kentucky Statutes. And for the purpose of collecting such taxes

Commonwealth v. Blackwell.

the collector has the powers a sheriff would have, and is un-
der the same liability.

2. THE LAW AUTHORIZES THE APPOINTMENT OF A COLLECTOR FOR
ANY TAXING DISTRICT as well as for the entire county, and it is
not required that the collector shall be a resident of the district
in which the taxes are to be collected, he not being a "district
officer" within the meaning of sec. 234 of the Constitution.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

Does sec. 234 of the Constitution apply to a tax collector?

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted from a judgment of the Union
Circuit Court rendered in the case of the Commonwealth of
Kentucky, etc., against T. C. Blackwell.  The petition sub-
stantially alleges that by an act of the General Assembly
of 1870, the magisterial districts of Caseyville and Lindle
in said county were authorized to issue $60,000 and $15,000,
respectively, in bonds to aid in building the Madisonville &
Shawneetown Straight Line Railroad, which bonds were is-
sued and were sold by said railroad company, and that it
was also provided that sufficient taxes should be levied by
the Union County Court to pay the said bonds, principal
and interest, and that the sheriff of Union county should
collect said taxes, but if he failed or refused to execute
bond for thirty days after the levy of the taxes, the court
levying the same might appoint a collector for the same,
and that at the February term, 1894, of the county
court of Union county the judge thereof levied a
tax for the year 1893, on the property in the
Caseyville precinct, of five dollars on each one hun-
dred dollars of property therein, and on the property
in the Lindle precinct two dollars and fifty cents on
each one hundred dollars of property therein, and in said

order directed that the sheriff of the county should collect the same. That the sheriff at the April term of said court was, on motion of his sureties, removed from office, and the office declared vacant, and on the 22d day of May, 1894, the court entered an order appointing the defendant T. C. Blackwell collector for the collection of said taxes in said district, and he, on the 28th day of May, 1894, executed bond, took the oath of office, and qualified as collector and entered upon the duties of the office; that the office is of great importance and of vital interest to the residents of said district. That said Blackwell was at the time of his appointment, and still is, a resident of Uniontown magisterial district, and never was a resident of either of the said districts of Caseyville or Lindle. That he was not eligible to said office by reason of his residence, because of the provision of sec. 234 of the constitution, which requires that all district officers shall reside within their respective districts, and that the appointment was void and of no effect. The petition further avers that said Blackwell is a usurper of said office, and concludes with a prayer that he be restrained from exercising any of the duties of said office, and ousted therefrom and the same declared vacant.

A general demurrer was sustained to the petition and case dismissed. From that judgment plaintiffs have appealed.

The principal, if not the sole question, involved in this appeal is whether or not the collector is a district officer. Sec. 234 of the constitution is as follows, viz: "All civil officers for the State at large shall reside in the State, and all district, county, city or town officers shall reside within their respective districts, counties, cities or towns, and shall keep their offices at such places therein as may be required by law."

Commonwealth v. Blackwell.

Sec. 24 of the act which authorized the bonds in question to be issued, and taxes to be levied, provides that the taxes levied in any county or part of a county shall be collected by the sheriff of such county, and taxes levied in any city or town shall be collected by the officer thereof having the power to collect taxes for ordinary purposes. (Acts of 1869-70, vol. 1, p. 352.) Sec. 28 of said act provides that if any sheriff or other officer whose duty it is to collect said taxes shall fail to execute bond, as required by law, for thirty days after the levy is made, he shall forfeit his office, and that the court or other authority levying such taxes shall appoint a collector who shall execute bond with surety, and have all the powers and be subject to all the duties and liabilities of sheriffs and other officers in collecting taxes under this act.

Sec. 4131 of the Kentucky Statutes provides that if the sheriff fails to execute bond as is required by law that he shall forfeit his office, and the county court may appoint a sheriff to fill the vacancy until a sheriff is elected, or it may appoint a collector for the county of all money due the State and county or taxing district, authorized to be collected by the sheriff, or it may appoint a separate collector of the moneys due the State, county or any taxing district, during the vacancy in the office of sheriff. It seems that the appointment of a collector for the collection of the taxes in question is authorized by the act of 1870, *supra*, and also by the Kentucky Statutes, and that for the purpose of collecting such taxes the collector has all the powers a sheriff would have and is under the same liability.

The law seems to authorize the appointment of a collector for any taxing district as well as for the entire county. There is nothing in the statute requiring the collector to be a resident of the district in which the taxes are

to be collected, nor do we think he is a district officer within the meaning of the section of the constitution, *supra.*

It seems to us that the demurrer was properly sustained. The judgment of the court below is therefore affirmed.