CASE 15—INJUNCTION—JANUARY 5.

# Louisville & Nashville Railroad Co. v. City of Barbourville.

### APPEAL FROM KNOX CIRCUIT COURT.

MUNICIPAL TAXATION—FARMING LANDS.—So much of the act of March 26, 1890, extending the corporate limits of the city of Barbourville as exempted lands used for farming purposes from municipal taxation was repealed by Secs. 171 and 172 of the Constitution. Sections 171 and 172 of the Constitution are self-executing.

J. W. ALCORN, FOR THE APPELLANT.

1. Under the provisions of the act to encourage the building of railroads in this State, Acts 1883-4, p. 195—the Cumberland Val-

L. & N. R. R. Co. v. City of Barbourville.

ley Branch R. R. Co. was exempted from taxation for a period
of five years from the date of the beginning of its construction.

2. By the express provisions of the act extending the corporate lim-
its of Barbourville "lands used for farming purposes" were ex-
cepted from the power given the town to tax for municipal
purposes, and a railroad running through these farming lands
was likewise exempted.

3. The purpose of the extensions was to include the property of the
railroad company for the purpose of taxation, although such
property derived no corresponding benefit. For this reason the
said acts are unconstitutional. City of Covington v. Southgate,
15 B. M., 491; City of Pineville v. Creech, 16 Ky. Law Rep., 172;
Cheaney v. Hooser, 9 B. M., 330; L. & N. R. R. Co. v. Com., 17
Ky. Law Rep., 136; Briggs v. Town of Russellville, 18 Ky. Law
Rep., 393.

S. B. DISHMAN, FOR APPELLEE.

1. The act of 1883-4 exempting railroads from taxation for five
years from the beginning of their construction is not applicable
to this case, because the five years had expired before the taxa-
tion sought to be enjoined herein.

2. There is no presumption that the extensions of the corporate
limits of Barbourville were made for the purpose of including
the railroad.

3. The lots through which the appellant's railroad runs were not
used for farming purposes, but were in fact and law town lots.
    Cases commented on: L. & N. R. R. Co. v. Com., 17 Ky. Law
Rep., 138; Briggs v. Town of Russellville, 18 Ky. Law Rep., 389.

JUDGE DURELLE DELIVERED THE OPINION OF THE COURT.

The appellant obtained an injunction against the coun-
cilmen and marshal of the city of Barbourville to prevent
the levy and collection of municipal taxes for the years
1892 and 1893 upon appellant's roadway running through
the corporate limits of the city. By the agreed statement
of facts, it appears that the appellant began construction
of its railroad, which runs by and through Barbourville,
in April, 1886. Prior to 1890, the land lying west of the
railroad, and between it and the city, was farming land;

but in that year the Barbourville Land & Improvement Company bought such land for city additions, and laid it off for that purpose in streets, avenues, lots, and blocks. In March, 1890, by act of the Legislature, the corporate limits were extended so as to take in about a mile and three-quarters of the railroad, leaving the railroad as the boundary upon that side. By an act adopted in May, 1890, the city boundary was extended a few poles beyond the railroad. In 1892 and in 1895 some persons who had sold lands to the improvement company got them back, and such lands were fenced by the owners, and have been since used as farming land, excepting two streets, which still remain open. The circuit court dissolved the injunction against the members of the council, but adjudged that the marshal could not coerce the payment of taxes by levy and sale of appellant's property, and perpetuated the injunction against him.

We need not consider the act of 1883-84 (Gen. Stat., p. 1029), providing for the exemption from taxation of railroads thereafter built for a period of five years from the date of the beginning of the construction of such railroads, as that period had elapsed before the taxes in question were assessed. The only ground alleged for the injunction—aside from some grounds which are negatived by the agreed statement of facts—is that the railroad was constructed through farming lands, and that the city procured the extension of its boundary for the sole purpose of collecting taxes from appellant for municipal purposes, from which taxes appellant receives no benefit. By a provision of the act of March 26, 1890, extending the boundary (article 3, Sec. 8), lands used for farming purposes were excepted from the power given to the town to tax for municipal purposes; and upon this provision, and the fact, as

contended for by appellant, that the lands along the rail-
road on both sides, and between it and the populous part
of the town, have been practically, at all times since they
were included in the corporate limits, farming lands,—al-
though during a part of the time they were laid off into
town lots and attempted to be sold as such,—appellant re-
lies. It is claimed for appellant that this act was the
only law under which the municipality could levy or col-
lect any tax for the year 1892, and that the act remained
in force until the enactment of the act for the govern-
ment of cities of the fifth class on July 3, 1893; and
in support of this contention the case of Louisville &
Nashville R. R. Co. v. Com., (Ky.) 17 R., 178 [30 S. W., 642],
is relied on, in which (Judge Lewis delivering
the opinion of the court) it was said: "We think it
was also error to sustain the demurrer to that paragraph
of the answer, wherein it is stated that a large portion
of the land included by extension of city limits, and
upon which the two railroads are located, is not subject
to municipal taxation, because used exclusively for farm-
ing or agricultural purposes; for, as railroad property is
subject to the same rate of taxation as other real proper-
ty, no part located on land not subjected should be taxed."
But since that opinion was delivered this court has con-
sidered and decided the effect of sections 171 and 172 of
the Constitution, in the cases of Pence v. City of Frank-
fort (19 R., 721 [41 S. W., 1011]), and Board of Council-
men v. Scott (19 R., 1068 [42 S. W., 1104]).     In
the former case it was said (Judge Burnam delivering the
opinion): "The corporate boundaries being established,
whatever property is included within those limits has been
included because it justly belongs there, as being within
the circuit which is benefited by the local government, and

[12]

which should consequently contribute to its support. No question can properly be raised as to the complete legislative jurisdiction over this matter, and the judiciary can have no general authority to correct injustice in legislative action in matters of taxation." In the latter case it was said (Judge White delivering the opinion): "It seems clear to us that by section 171 of our present Constitution, and by section 4020, Ky. Stat., which provides: "All real and personal estate within this State, and all personal estate of persons residing in this State * * * *shall be subject to taxation unless the same be exempt from taxation by the Constitution, and shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale;' and also by section 3290 of Kentucky Statutes, being a provision of the charter of cities of the third class, which provides that 'the common council of each of said cities shall, within the limitation of the Constitution of the State and this act, have power by ordinance to levy and collect taxes upon all property, franchises and privileges taxable for State purposes,'—that the property of appellee, Scott, is liable to pay taxes to the appellant, regardless of any question of benefits or protection derived from the city government; for these plain provisions in the Constitution and statutes clearly provide that cities of the third class, Frankfort being in that class, shall have full power and authority, and it is the imperative duty, to levy taxes, if at all, upon all property within its corporate limits, excepting only the kinds of property exempted by the Constitution, section 170." While it is true that the law embodied in section 4020 of the Kentucky Statutes, and the act for the government of cities of the fifth class, had not been enacted at the time of the assessment of the taxes

in question, the constitutional provisions embodied in sections 171 and 172 seems to us undoubtedly to be self-executing, and effect a repeal of the exemption given by the act of March 26, 1890. The railroad property, being within the corporate limits as fixed by the statute, was, therefore, subject to taxation for municipal purposes, and by the Constitution required to be so taxed. For the reasons given, the judgment is affirmed. The whole court sat in the case.