CASE 30—INDICTMENT—OCT. 24.

## Commonwealth v. Glass.

APPEAL FROM THE OWEN CIRCUIT COURT.

CRIMINAL LAW—QUASHAL OF INDICTMENT—FAILURE TO GIVE NAMES OF WITNESSES.—The failure to comply with sec. 120 of the Criminal Code requiring the names of the witnesses to be written at the foot of, or on, the indictment, is not ground for quashing the indictment if the omission was the result of oversight, or the testimony of the witness was immaterial.

W. S. TAYLOR, ATTORNEY GENERAL AND M. H. THATCHER FOR APPELLANT.

1. The Criminal Code—so far as it directs the names of the witnesses to be written on the indictment—is directory.

Commonwealth v. Glass.

2. If such provision be mandatory, it is not to be construed to include immaterial witnesses.

Citations: Criminal Code, sec. 120; State v. Hollinsmith, 100 N. C., 535; Wyoming v. Amison, 1 Wy., 20; 1 Texas, 142; Am. & Eng. Ency. of Law, vol. 10, p. 501; 17 Ky. Law Rep., 186.

LINDSAY & BOTTS for appellee.

The indictment was not found and returned as required by sec. 120 of the Criminal Code of Practice, in this: Some of the names of the witnesses who were examined were omitted from the indictment. Crim. Code, sec. 120; Sutton v. Com., 17 Ky. Law Rep., 186.

CHIEF JUSTICE HAZELRIGG delivered the opinion of the court.

The indictment in this case was dismissed because the name of one Eastland was not endorsed thereon, although, as appears from his affidavit, he appeared before the grand jury and testified "to such facts as he knew in regard to the matter alleged in the indictment."

Whether the alleged witness in fact knew anything about the transaction out of which this prosecution grew, or anything at all material to the case, does not appear. It does appear that the names of some six or eight witnesses were indorsed on the indictment. The order of quashal was made because of section 120, Criminal Code, which provides · that "when an indictment is found, the names of all the witnesses who were examined must be written at the foot of, or on the indictment."

This provision is certainly an important one, and, when there is no attempt to comply with it, we do not doubt a quashal of the indictment ought to follow a motion to that effect, if made before plea. This seems to have been decided in Sutton v. Com., 97 Ky., 314, [30 S. W., 661].

But where the name of a witness has been omitted from oversight, or from the fact that he is not regarded as a material witness, it seems to us it would be highly techni-

[11]

cal to say  that the provision quoted required the indictment to be set aside.  If such an omission occurs for the reasons we have indicated, and the names of other witnesses in the case appear on the indictment, we should think there has been a substantial compliance with the law.  As far as may be possible in the nature of things, the defendant is entitled to have the names of all the witnesses who have testified before the grand jury, and who are also expected to testify against him on his trial, indorsed on the indictment.  But it often happens that important witnesses can not be gotten before the grand jury, or are discovered subsequently.  The practice is well settled that such witnesses may be used on the trial, even if they do not appear before the grand jury, and even if their names do not appear so indorsed.

To regard the section of the Code as mandatory, as seems to have been done in the Sutton case, does not require us to give it an unreasonable or highly technical construction.  In the present case the testimony of Eastland before the grand jury was regarded so unimportant that his name was not furnished to the prosecuting attorney.

The judgment quashing the indictment is reversed, and the cause remanded for proceedings consistent herewith.