## McCARTY v. COMMONWEALTH.

Court of Appeals of Kentucky.
Oct. 10, 1952.

W. S. Jett, Jr., Winchester, for appellant.

J. D. Buckman, Jr., Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of grand larceny and sentenced to one year in the penitentiary. The evidence established that after following the complaining witness home, he picked up her pocketbook where she had left it in her front yard and made off with it. It contained $50 in cash, and later it was returned with $10 missing therefrom. The charge in the indictment was stealing the money. Appellant's defense was that he had taken the pocketbook "just for fun". Appellant testified that he and one Horn, who was jointly indicted with him and convicted in a separate trial, had agreed to take the pocketbook when they saw the complaining witness on her way home.

For reversal appellant first contends his demurrer to the indictment should have been sustained because it was indefinite. There is no merit in this contention.

He next urges that the court should have granted a continuance because of the absence of a witness. The affidavit filed with the motion, alleging what this witness would testify, shows that the evidence was irrelevant and immaterial, and the court did not abuse its discretion in overruling the motion.

It is next contended the court should have dismissed the jury on appellant's motion for the reason that the panel had earlier heard his brother tried on a charge of murder. The brother was acquitted, and appellant's theory is that the jury would be prejudiced against him because two members of the same family were tried on criminal charges at the same term of court. This is a unique contention, but there is nothing in our Code or decisions which would require dismissal of the jury under these circumstances. Section 210 of the Criminal Code of Practice specifies seven grounds of implied bias. This is not one of them, and we see no reason for adding it as an additional ground. In the first place, we cannot reasonably assume the jury would be prejudiced against appellant. In the second place, it would disrupt the orderly administration of justice if defendants could demand a new jury panel

simply because a relative had been tried on a wholly unrelated charge at the same term of court. It was not error to overrule this motion.

■ Appellant next urges he was entitled to an instruction on petit larceny. However, the uncontradicted testimony of the complaining witness was that the pocketbook contained, when taken, $50.

■ Appellant lastly contends that the Commonwealth failed to prove a felonious intent. The admissions of appellant and the other evidence in the case were amply sufficient to sustain a finding of the jury that appellant did intend to steal the money in the pocketbook.

The judgment is affirmed.