Lawrence BOWLING (Indictment No. 3534), Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Rehearing Denied March 2, 1956.

See also, 286 S.W.2d 887, 286 S.W.2d 889.

C. F. See, Jr., Louisa, for appellant.

J.. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Three indictments, numbers 3532, 3533, and 3534, were returned on October 7, 1954, by the grand jury of the Lawrence Circuit Court, in which Lawrence Bowling and Claude Bowling were jointly charged with grand larceny.

■ Upon motion of Claude Bowling, separate trials were ordered, over the objection of Lawrence Bowling. The ruling of the court on this motion will not be considered since it is not argued in the brief. The prosecution elected to try, and did try, Lawrence Bowling first on each charge. He was tried first under Indictment No. 3534, and was convicted. His punishment was fixed at two years' confinement in the penitentiary. Subsequent convictions followed on the other indictments, from which separate appeals have been prosecuted. This appeal is from the judgment under Indictment No. 3534. By agreement of the parties, the three appeals are considered together.

The first ground urged for reversal is that the court erred in overruling appellant's motion to quash the indictment. The name of Claude Bowling did not appear at the foot of, or on, the indictment. Appellant contends that Claude Bowling testified before the grand jury and that the failure to place his name, as a witness, on the indictment invalidated the indictment under Criminal Code Section 120. The names of Leon Webb, owner of the stolen property, and M. E. Sparks, investigating sheriff, as witnesses, appeared on the back of the indictment. On the trial, all three witnesses testified.

■ It is the purpose of Section 120 of the Criminal Code to inform the defendant of the names of his accusers. Kelly v. Commonwealth, Ky., 267 S.W.2d 536, and cases cited therein. See also Roberson's Criminal Law, Section 1764, page 1857. An examination of the cases cited by appellant discloses that those cases were decided on the question of the admissibility of the evidence of witnesses whose names

had been omitted from the indictment and not on a motion to set aside the indictment.

Sutton v. Commonwealth, 97 Ky. 308, 30 S.W. 661, has been referred to in support of the contention now made by appellant. A reading of that case discloses that while the dictum therein supports the contention, it holds that the indictment should not be quashed upon an untimely motion to set it aside. The motion was made after a plea had been entered; therefore, it was too late.

In Commonwealth v. Glass, 107 Ky. 160, 53 S.W. 18, 19, 21 Ky.Law Rep. 819, an indictment was quashed because of the absence of the name of a witness who had appeared before the grand jury. The names of six or eight other witnesses did appear on the indictment. It was held that an unreasonable, or highly technical, construction of the Code section was not required. In reversing the judgment quashing the indictment, it was said:

"* * * But where the name of a witness has been omitted from oversight, or from the fact that he is not regarded as a material witness, it seems to us it would be highly technical to say that the provisions quoted required the indictment to be set aside. If such an omission occurs for the reasons we have indicated, and the names of other witnesses in the case appear on the indictment, we should think there has been a substantial compliance with the law."

■ The record in this case (Indictment No. 3534) does not show what witnesses appeared before the grand jury. There was no showing that appellant was taken by surprise when the witnesses testified. It is only by reference to the record in a companion case (Indictment No. 3533) that the names of the witnesses before the grand jury are disclosed. Unless it is shown that the witness whose name fails to appear on the indictment was before the grand jury, the indictment is not required to be quashed. Merriss v.

Commonwealth, 287 Ky. 58, 151 S.W.2d 1030.

By exercising his right under Criminal Code Section 110, appellant obtained a copy of the proceeding before the grand jury; thus, he learned that Claude Bowling and M. E. Sparks testified before the grand jury and that Leon Webb did not. From the records in the three appeals, it is apparent that appellant had the grand jury transcript prior to the trials on Indictments 3533 and 3532. It is not shown when appellant received the transcript, or whether he had it prior to the trial on Indictment No. 3534.

■ If appellant had the transcript prior to his trial in this case, the purpose of the Code section was fulfilled since appellant would then have been informed of the names of his accusers, as well as of their statements. Appellant either learned the name of the witness missing from the indictment by means of the transcript, or he failed to show by the record who was before the grand jury. In either event, his motion should have been overruled. We find no error prejudicial to appellant from the failure to place Claude Bowling's name on the indictment.

■ Appellant's contention is without merit that the evidence before the grand jury was not sufficient upon which to base an indictment, since the court may not inquire into the evidence heard by the grand jury to ascertain whether it was such as is required by Criminal Code Section 111 to authorize the finding of an indictment. Sebree v. Commonwealth, 260 Ky. 526, 86 S.W.2d 282.

■ The appellant testified in his own behalf, and was then cross-examined by the Commonwealth's attorney concerning his travels and efforts to sell the stolen property. He complains that this conduct by the prosecutor was in violation of his rights against self-incrimination, safeguarded by Kentucky Constitution Section 11 and KRS 455.090. Whenever the defendant availed himself of the privilege of testifying in his own behalf, he waived

such protection afforded him and became subject to cross-examination just as any other witness. Benge v. Commonwealth, 265 Ky. 503, 97 S.W.2d 54.

At the close of the testimony for the Commonwealth, appellant's motion for a directed verdict was overruled. He insists that there was insufficient corroborative evidence under Criminal Code, Section 241 to sustain a conviction.

Claude Bowling testified that he and appellant stole the two front wheels and one rear wheel, with tires and tubes, from a Chevrolet convertible, parked on the side of Three-Mile Road, about midnight on March 19, 1954. They hauled the stolen property away in a 1952 Oldsmobile, owned by appellant. After spending the remainder of the night in the car, appellant tried to sell the plunder at a filling station near the forks of the road at Inez, Kentucky. Having failed to sell anything at Inez and Paintsville, Lawrence Bowling sold the stolen property on a trip to Prestonsburg and Pikeville. He received the money. Claude Bowling is the half uncle of Lawrence Bowling, and both are young men.

 Leon Webb testified to the location and description of the parked car and loss of the tires, tubes, and wheels. He also described the "signs" made by the jack used in removing the wheels. M. E. Sparks testified to finding the parked car, with the three wheels missing, the next morning. He also described the impression made by the base of the jack used as being six inches by eight inches, and the same size as the base of a jack later found in appellant's car. Everett Castle identified appellant and Claude Bowling as the two men who offered to sell him a tire and wheel about the time he heard of Webb's loss. The tire was on the floor in back of the front seat. This evidence is considered sufficient under Criminal Code, Section 241 to corroborate the testimony of Claude Bowling, as an accomplice.

The usual accomplice instruction was given. Stanley's Instructions to Juries, Section 946, page 1258. Appellant complains that the court erred in submitting to the jury the question of fact as to whether Claude Bowling was an accomplice. He contends that the court should have instructed the jury, as a matter of law, that Claude Bowling was an accomplice.

Appellant denied that the property was stolen under the circumstances described by Claude Bowling. This created a question of fact for the jury to decide which was properly submitted to them. Ringstaff v. Commonwealth, Ky., 275 S.W. 2d 946; Roberson's Criminal Law, Section 209, page 301. The submission of the question to the jury as to whether Claude Bowling was an accomplice, rather than holding him an accomplice, as a matter of law, was not prejudicial. Tinsley v. Commonwealth, Ky., 273 S.W.2d 364.

Judgment affirmed.