**Lawrence BOWLING (Indictment No. 3532), Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

Rehearing Denied March 2, 1956.

C. F. See, Jr., Louisa, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

In Indictment No. 3532, Lawrence Bowling and Claude Bowling were jointly charged with grand larceny of a power saw and auto jack, owned by Charley Bond. Separate trials having been ordered, appellant Lawrence Bowling was tried first, convicted, and sentenced to two years' confinement in the penitentiary. This is a companion appeal to two cases this day decided. Bowling v. Commonwealth, Indictment No. 3534, Ky., 286 S.W.2d 884, and Bowling v. Commonwealth, Indictment No. 3533, Ky., 286 S.W.2d 889.

All of the grounds for reversal, except one, urged on this appeal are similar to the questions decided adversely to appellant in the companion cases. The argument as to the accomplice instruction has been considered with reference to the evidence in this case. We find no merit in the contentions made on this appeal for the reasons stated in the two decisions above mentioned.

The remaining basis urged for reversal is that the testimony of Claude Bowling, as an accomplice, was not sufficiently corroborated under Criminal Code, Section 241.

Claude Bowling testified that appellant took a power saw from a 1934 or 1935 Chevrolet about midnight on the 24th or 25th of May, 1954. The car was parked about 30 feet off the highway near Webbville. Claude Bowling was looking for gasoline. Appellant first put the saw in the back seat of his car, a 1951 or 1952 Oldsmobile, but later removed the saw to the trunk compartment. Claude Bowling was with appellant for the next five or six days, until Lawrence Bowling was arrested in Inez. When appellant was arrested, the saw was in his car. On the trial, Claude Bowling identified the saw, but was unable to say whether appellant had taken a jack from the same car.

Charley Bond corroborated Claude Bowling as to the location of his parked car, and identified the saw as his 430 McCulloch power saw by the handle, a defect in the saw, and its color. He said his car and saw were being used by Max Helton, his employee. He had a jack missing, but could not identify the jack taken from appellant's car except to say it was similar to his. Max Helton's testimony was substantially the same as Bond's. He said the saw and jack were in the car and that there were five or six gallons of gasoline in the tank when he parked it. Both said the car would not start later due to lack of gasoline.

M. E. Sparks, sheriff, found the saw and jack in the trunk of appellant's car after he was arrested. Through his investigation, the saw was identified by its serial number as belonging to Charley Bond. Appellant admitted to Sparks that the saw belonged to Bond, but later "changed his story".

Possession of the stolen power saw by appellant was sufficient evidence to corroborate the testimony of Claude Bowling, as an accomplice, and to justify submission of the case to the jury. Bowling v. Com-

‑monwealth, Indictment ‑No. 3533, Ky., 286 S.W.2d 889, and the cases cited therein. The evidence of the accomplice was suffi‑ ‑ciently corroborated, and the court was correct in overruling appellant's motion for ‑a directed verdict.

Judgment affirmed.