Lawrence BOWLING (Indictment No. 3533), Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Dissenting Opinion Dec. 16, 1955.

Rehearing Denied March 2, 1956.

C. F. See, Jr., Louisa, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Lawrence Bowling and Claude Bowling were jointly charged with grand larceny in Indictment No. 3533 by the wrongful taking of two auto wheels, tires, and tubes, the property of Drew Church. On a separate trial, Lawrence Bowling was tried first, convicted, and sentenced to three years' confinement in the penitentiary. This is one of three appeals prosecuted and heard together, the others being from judgments rendered in Bowling v. Commonwealth, Indictment No. 3534, Ky., 286 S.W.2d 884, and Bowling v. Commonwealth, Indictment No. 3532, Ky., 286 S.W.2d 887.

On this appeal, appellant urges that his motion to quash the indictment for failure to comply with Criminal Code Section 120 should have been sustained and that the jury should have been instructed that Claude Bowling was an accomplice, as a matter of law. The second contention has been considered in the light of the proof in this case. Similar contentions were decided adversely to appellant in Bowling v. Commonwealth, Indictment No. 3534, Ky., 286 S.W.2d 884. For the reasons given therein, we find no merit in these contentions.

Appellant was tried on the indictment involved in this appeal two days after he had been tried and convicted under Indictment

No. 3534. Seven members of the jury on the second trial served on the jury that tried the first case. Appellant used ten peremptory challenges. A timely motion to challenge the entire jury panel because of implied bias was made.

Criminal Code Section 210 defines when a challenge for an implied bias may be made. To sustain his position, appellant relies upon Gapoian v. Commonwealth, 302 Ky. 867, 196 S.W.2d 744, and Ellison v. Commonwealth, 304 Ky. 185, 200 S.W.2d 299. Neither of those cases is applicable here since both deal with trials of another person charged in the same indictment. Criminal Code, Section 210, subd. 4. In such cases, two persons are tried separately on the same set of facts. Necessarily, the jury would already have an opinion based on the set of facts previously heard.

■ Such is not the case here. This case is distinguishable from the two relied on, in that the facts heard by the jury on the trial under Indictment No: 3533 were different from the set of facts heard by the jury on the first trial under Indictment No. 3534. Claude Bowling had not been tried under either indictment. Had Claude Bowling been tried first under one of the indictments, and appellant had been tried later under the same indictment, the same facts would have been involved and the Code section and cases cited would have afforded authority to sustain a motion to challenge the panel for implied bias. Appellant was tried on two different sets of facts. Appellant's motion was properly denied. Young v. Commonwealth, Ky., 286 S.W.2d 893.

The final ground urged for reversal is that the testimony of Claude Bowling, as an accomplice, was not sufficiently corroborated under Criminal Code, Section 241.

Claude Bowling testified that he and appellant started to Columbus, Ohio, on May 17, 1954, seeking employment. During May 17, 18, and 19, 1954, they visited various cities in Kentucky, Ohio, and West Virginia. They were traveling in appellant's 1951 or 1952 Oldsmobile, which had a light colored body with a brown top. In going through the Fallsburg community in Lawrence County, they saw a 1954 Oldsmobile, with Ohio license, parked in a pasture near the highway. Between 11 and 12 o'clock on the night of May 18, 1954, they returned to the parked car and removed both rear wheels, together with tires and tubes. One wheel and tire were sold by appellant to an Air Force lieutenant; the other was placed on appellant's car as the right rear wheel. The latter was identified at the trial by Claude Bowling. He also stated that he went with appellant to see Ernest Fannin in an effort to get Fannin to swear that appellant had bought the wheels from Virgil Davis.

Drew Church, owner of the stolen property, identified appellant as the "heavier" man and Claude Bowling as the "lighter" man who were looking at his car in passing on May 17, 1954. They were riding in a car of light color with "brownish" top. His testimony also corroborated that of Claude Bowling as to the location of the parked car, the time of the loss, and the description of the stolen property. He further pointed out appellant's car on the streets of Louisa. The tire and wheel taken from the right rear wheel position on appellant's car were identified by him in court.

M. E. Sparks, sheriff, said that appellant had a 1952 Oldsmobile with light body and brown top when arrested. The wheel and tire identified by Church were on appellant's car at that time.

Ernest Fannin corroborated Claude Bowling as to the effort of appellant to secure him to testify.

■ The possession of the stolen wheel and tire by appellant was sufficient corroborative evidence to take the case to the jury. Black v. Commonwealth, 255 Ky. 618, 75 S.W.2d 33; Broughton v. Commonwealth, 303 Ky. 18, 196 S.W.2d 890; Carroll v. Commonwealth, 306 Ky. 175, 206 S.W.2d 818. There was ample evidence to corroborate the testimony of Claude Bowling, as an accomplice, and the court did not err in submitting the case to the jury.

Judgment affirmed.

STEWART, C. J., and CAMMACK and MILLIKEN JJ., dissent on the question of implied bias, as in Young v. Commonwealth, Ky., 286 S.W.2d 893.

CAMMACK, Judge (dissenting).

Section 11 of the Kentucky Constitution guarantees to a defendant in a criminal prosecution the right to a trial by an *impartial* jury. To implement this right, Section 209 of the Criminal Code of Practice provides for challenges of jurors for actual bias, and Section 210 specifies seven separate grounds upon which challenges for implied bias may be made. The majority opinion in this case, and that in Young v. Commonwealth, Ky., 286 S.W.2d 893, decided the same day, conclude that a challenge for bias, implied from the fact that several jurors served in a previous trial of the same defendant under a different charge during the same term of court, must be overruled, because that ground for challenge is not specified in Section 210 of the Criminal Code of Practice. Those opinions are premised upon the thought that Section 210 exclusively defines the grounds upon which challenges for implied bias may be made. With this conclusion I am unable to agree.

No authority has been cited for the position taken by the majority in this case, or in the Young Case—the two opinions rely solely upon each other. Both overlook the position taken unanimously by this Court in McCarty v. Commonwealth, Ky., 251 S.W.2d 873, decided in 1952. That case involved a challenge for implied bias on the ground that the same jurors had tried a brother of the defendant for an unrelated crime during the same term of court. Therein we said:

"Section 210 of the Criminal Code of Practice specifies seven grounds of implied bias. This is not one of them, and *we see no reason for adding it as an additional ground.* In the first place, *we cannot reasonably assume the jury would be prejudiced against appellant.* * * *" (Emphasis mine.)

Hence, as I interpret this case, we specifically recognized the possibility that circumstances other than those set out in Section 210 might arise from which bias of jurors should be implied. If such circumstances are shown, clearly it is the duty of the judiciary to prevent an impairment of the defendant's right to a trial by an *impartial* jury.

The opinion of the majority establishes the Legislature as the sole interpreter of the constitutional provision requiring an impartial jury. It refuses to consider the alleged circumstances because the Legislature has not chosen to codify them as a basis for challenging jurors. This result completely abandons the duties placed upon our courts under the "separation of powers" doctrine. The judiciary must decide, in each instance, whether the defendant's constitutional rights have been impaired, and it is not significant that the Legislature has failed to condemn the alleged impairment.

The mandate of Section 11 of the Kentucky Constitution applies in every criminal prosecution where the right to a jury trial exists. An impartial jury is vitally important in each case. Indeed, the right thereto has been deemed sufficiently important to justify its incorporation in the supreme law of our State. Yet, under the opinion of the majority, the scope of that right may be enlarged or restricted as the Legislature sees fit to add to, or subtract from, the provisions of Section 210 of the Criminal Code of Practice. If any of those provisions are repealed, the conditions stated therein would no longer be available as a basis for challenging jurors, despite the fact that they necessarily, or reasonably, imply bias. I think the sounder approach, both in law and in reason, is that which we adopted in the McCarty Case, wherein we undertook to determine whether, from the circumstances shown, we could reasonably assume the jury was biased.

The question remains: Do the facts revealed in this case afford a reasonable basis for implying bias of the jurors? It has

been shown that seven of the jurors who tried the defendant had served on the jury which had tried and convicted him two days earlier for a similar, but unrelated, crime. Both convictions were for grand larceny. He received a sentence of two years' imprisonment on the first trial, and three years' on the second.

On at least one prior occasion, this Court has taken the position that there is a rational basis for implying bias from the mere fact that a juror has served recently in another trial of the same defendant. In Howard v. Commonwealth, 282 Ky. 663, 139 S.W.2d 742, the trial judge had excused a prospective juror who had served as a juror in a previous murder trial, more than a year before, in which the same defendant had been acquitted. On appeal, we said the judge had acted properly within the bounds of his discretion. In that case, challenge was made for actual bias, under Section 209 of the Criminal Code of Practice; but the case actually was one of implied bias since no further proof of bias was shown. Our affirmance on appeal was tantamount to a recognition of the fact that prior jury service in a criminal action against the same defendant serves, in itself, as a basis for implying bias of the juror, particularly where only a short time period has elapsed between the two trials.

One of the basic rules of evidence applied in our criminal proceedings is that evidence of prior convictions cannot be introduced as evidence against the defendant in a case of this character, but only for purposes of impeachment if the defendant takes the stand. The relevance of that rule to the instant case is not the underlying theory that such evidence is irrelevant, but rather the fact that, if such evidence is admitted, a reversal is necessary because the evidence is said to be substantially prejudicial to the defendant. The rule is based upon the premise that knowledge of the facts surrounding previous crimes throws doubt upon the impartiality required of our jurors. Yet, the opinion of the majority would evade the effect of the rule by permitting the same jurors to serve repeatedly in trials of the same defendant for separate crimes. The evil effect of the rule is apparent in the Young Case where the defendant, on the first trial, was given a two-year sentence for stealing $5,000; and on the second trial, where six jurors were the same, was given a three year sentence for stealing two hams.

I do not mean to imply that mere knowledge of the facts surrounding prior convictions necessarily precludes impartiality. The analogy between the stated rule of evidence and the rule that would imply partiality from prior jury service lies in the fact that in both instances the minds of the jurors, at a time when complete impartiality is required, are subjected to a detailed knowledge of prior criminal proceedings against the defendant. The time element is most important, in that the implication of bias from prior jury service becomes more compelling as the time period between trials decreases, while an extended time period may render the implication completely unreasonable.

It is clear that this Court has recognized that bias may be implied from knowledge of the details surrounding prior criminal convictions. In this case, the alleged crimes were of the same type (grand larceny); the defendant had the same accomplice, who testified in each of the trials; the stolen goods were of a similar nature in two of the three offenses; and all the crimes were committed within a period of two months. I think it is untenable to conclude, under these circumstances, that the defendant received a trial by an impartial jury, when seven of those jurors had convicted him two days earlier in a similar criminal proceeding.

For these reasons, I respectfully dissent. Chief Justice STEWART and Judge MILLIKEN concur in this dissent on the constitutional issue.