**Wendell YOUNG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

R. B. Bertram, Bruce H. Phillips, Monticello, for appellant.

James A. Hicks, Commonwealth's Atty., Albany, J. D. Buckman, Jr., Atty. Gen., Zeb Stewart, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of grand larceny, and his punishment fixed at three years in the penitentiary.

Appellant's first ground for reversal is that the trial court erred in not sustaining his challenge to the jury panel and granting

894

him a continuance. The basis of the challenge was that appellant had been tried and convicted of another crime (not related or connected) six days before. The jury in the former trial had been drawn from the same panel from which jurors were drawn for the second trial, and as a matter of fact, six jurors tried appellant on both indictments.

■ There is no provision in the Criminal Code for challenging a jury panel on the ground asserted by appellant. See Section 199, Criminal Code. Seven grounds for challenging individual jurors for implied bias are provided in Section 210 thereof. Under subsection 4 of that section a juror may be challenged for implied bias if he has tried *another person for the offense charged in the indictment.* No provision is made for so challenging a juror because the same defendant has been tried by him for another unrelated crime.

■ It is not within our province to amend the Criminal Code so as to authorize the challenge of the panel attempted in this case. It cannot be presumed that a jury panel or individual jurors will be prejudiced against a particular defendant because they are aware of or have participated in his trial on an entirely unrelated matter. If such prejudice exists, it may be brought out on voir dire, and of course the defendant still has his peremptory challenges. A similar conclusion was reached in Bowling v. Commonwealth of Kentucky, (Indictment No. 3533,) Ky., 286 S.W.2d 889 (this day decided).

■ We are of the opinion that on a motion for a continuance this objection to the jury may be considered by the trial court, but whether or not a continuance shall be granted on this ground lies within the court's discretion. We cannot say that such discretion was abused in this case.

■ The second ground for reversal is that the jury should not have been instructed that they could find appellant guilty of grand larceny because the value of the goods allegedly stolen was not sufficiently proven to exceed $20. Although the value of the articles taken was shown by evidence in the form of an opinion of the owner, we think this was competent and adequate proof to establish this to be a case of grand larceny.

■ Appellant finally contends that he was entitled to a directed verdict because the circumstantial evidence against him was not of sufficient weight to warrant a conviction. This proof principally consisted of the discovery of shoe imprints in soft and muddy ground at the place where the goods were stolen, which led toward appellant's home and were traced to within 100 yards thereof. There was competent evidence that the shoes worn by defendant the day following the theft matched the tracks which had been discovered and traced. There was also other evidence tending to implicate appellant in the crime. We believe the proof was sufficient to warrant submitting the issue of guilt to the jury.

The judgment is affirmed.

CAMMACK, J., dissents on the issue relating to the challenge of the jury panel.

See dissenting opinion in Bowling v. Commonwealth (Indictment No. 3533), Ky., 286 S.W.2d 889.