**Albert BRUMFIELD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1964.

500

Vincent & Rice, P. H. Vincent, Ashland, for appellant.

John B. Breckinridge, Atty. Gen., James G. Osborne, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of the offense of transporting alcoholic beverages for the purpose of sale in local option territory as denounced by KRS 242.230(1). The punishment imposed was a fine of $100.00, and confinement in jail of 60 days. This case was tried over appellant's objections the day after he had been convicted of speeding. The chief prosecuting witness in both cases was a police officer who had found the alcoholic beverages in appellant's automobile following his arrest for exceeding the speed limit.

Two of the jurors who were empaneled to try appellant on the transporting charge had been members of the jury which had con-victed appellant of violating the speed law. Several other members of the panel had been in the courtroom during the course of the trial which resulted in appellant's conviction of speeding. Notwithstanding the fact that appellant had challenged these jurors for cause and moved to discharge them from the jury panel, the court permitted these jurors to try the case.

Appellant's first and chief contention is that he did not obtain a fair trial in that the court forced him to accept several jurors who were not free of bias.

A defendant in a criminal case is entitled to be tried by a jury composed of impartial jurors free of bias, actual or implied and to protect that right RCr 9.36 was enacted. It provides in part:

"When there is reasonable ground to believe that a juror cannot render a fair and impartial verdict on the evidence, he shall be excused as disqualified to serve."

Upon the facts presented we conclude that there are reasonable grounds to believe the members of the jury who were challenged by appellant could not render an impartial verdict in the instant case. Cf. Sullivan v. Commonwealth, 304 Ky. 783, 202 S.W.2d 620. Therefore we hold that appellant did not obtain a fair trial because the trial court erred in .failing to sustain appellant's challenges to the jurors in question. See Tayloe v. Commonwealth, Ky., 335 S. W.2d 556.

The trial court empaneled eighteen jurors and permitted each party to peremptorily challenge as many as three of them. Appellant contends that the court erred in requiring him to use his peremptory challenges before the Commonwealth had accepted the jury. In the event of another trial the court should empanel a tentative jury and after the attorney representing the Commonwealth has accepted it, appellant's counsel should then be given the opportunity to assert three peremptory challenges.

We find no merit in the other contentions of the appellant.

The appeal is granted and the judgment is reversed with directions to set it aside and grant appellant a new trial.