**Allan WATSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

Morris Butler, Greensburg, for appellant.

John B. Breckinridge, Atty. Gen., Joseph Famularo, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Allan Watson was convicted of grand larceny and sentenced to two years in prison. KRS 433.220. He appeals, contending that (1) evidence procured under an invalid search warrant was used against him and (2) the trial court erred in overruling his motion for a continuance on the ground that some of the jurors had served at a previous trial during the same term of court in which he was accused of a misdemeanor committed in violation of the local option law. The previous trial had resulted in a hung jury.

During November of 1967 a pavement breaker and several other items of power equipment were stolen from Edwards and Webb Construction Company in Adair

County, Kentucky. On December 5, 1967, while the crime was under investigation by state and local police officers, a United States Commissioner issued a federal search warrant commanding Edgar D. Cowan and Edgar E. Dillon, investigators for the Alcohol and Tobacco Tax Division, to search Watson's home for an illegal still, supplies and apparatus connected with it, mash fit for distillation, and any distilled spirits on which the applicable taxes had not been paid. There is no contention that this warrant was not valid.

In executing the warrant the federal officers were accompanied and assisted by the local sheriff, two of his deputies, a state trooper and a state detective. While so assisting, the detective opened a closet and discovered the stolen pavement breaker. One of the federal officers and one of the deputy sheriffs remained in the house while the state trooper went to town and procured a search warrant from the Adair County Judge directing a search for the pavement breaker. Upon his return to Watson's home with this new warrant the trooper took possession of the stolen property which was later admitted in evidence.

The search warrant issued by the county judge was fatally defective because the trooper's affidavit pursuant to which it was issued did not state the factual basis for his belief that the stolen property was on the appellant's premises. This is conceded. However, the trial judge was of the opinion that the property had been discovered and seized in the proper execution of the federal warrant and was admissible in evidence without the aid of the local warrant. We agree.

18 U.S.C.A. § 3105, under which the federal warrant was issued, reads as follows: "A search warrant may in all cases be served by any of the officers mentioned in its direction or by an officer authorized by law to serve such warrant, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution."

Appellant contends that since the warrant was directed to officers Cowan and Dillon and was served by them, only they could execute it. He suggests it is absurd to suppose they would or did require aid in searching an empty house for a still (appellant was not at home). It seems to us that this is an extremely tenuous and hypertechnical argument. Cooperation and mutual assistance between local and federal law enforcement authorities not only is wholesome, helpful and a custom of long standing, but has become more necessary as civilization has become more complex. If federal officers desire the presence of local officers in searching for a jug of moonshine, or if the local sheriff chooses to take an FBI agent along to participate in a search for a stolen spittoon, surely it would not make much sense for a court to hold the supernumerary's efforts for naught because in its own opinion his services were not necessary.

■ All of the officers were legally and properly present when the stolen property was discovered. Technically, the seizure was made by the federal officers, because it was their search. That they did not list the property on their return is of no significance; it was not involved in a federal offense and they were within their rights in relinquishing it to the state or local officers, which they did. Since one of the federal officers remained on the premises until the trooper returned with the ineffective warrant the property was in his custody, and the trooper received it from him. It is our opinion that this acquisition of it was valid and not in violation of appellant's constitutional protections against an unreasonable search.

■ Before the jury was selected counsel for appellant moved for a continuance upon the ground that some of the jurors had already tried him on another charge.

The motion was overruled after the court had questioned the jury panel as follows:

"I have drawn the jury and there are only four of the jury here. The defendant's motion is overruled because the jury will be inquired of as to whether they would be prejudiced by reason of the fact that the defendant was heretofore at this term of court tried upon a misdemeanor charge which resulted in a hung jury, and which charge was a violation of the Local Option Law. Naturally, should any member of the jury state that they would be prejudiced by reason of having heard the other trial, that juror would not be required to sit in this particular case.

"There are four of you who heard the case tried at this term of court upon a charge of violation of local option law, would you be prejudiced against the defendant in the trial of this case by reason of the fact that you sat as a juror on the other case against him for violation of the local option law?"

By the Jurors: "No."

By the Court: "Would you entirely disregard the testimony you heard in that case, and try this case solely upon the testimony you hear here and render a fair and impartial verdict both for the Commonwealth and the defendant, could you and would you do that?"

By the Jurors: "Yes."

"While it is clearly the general rule that one who has served on the jury in a criminal case is not thereby disqualified to serve as a trial juror in a later prosecution of the same defendant for a separate and independent offense, it may be noticed that some courts simply hold that because a juror served on the jury in a previous trial of the defendant for a different offense, he is not disqualified; that other courts base their decision on the ground that the facts and the evidence in the second case are different from the facts and evidence in the first case; and that still other courts sustain their position on the ground that it was shown that the jurors were fair and impartial despite their prior service." Annotation, "Juror's presence at or participation in trial of criminal case (or related hearing) as ground of disqualification in subsequent criminal case involving same defendant," 6 A.L.R.2d 519, 546. See also Jones v. Commonwealth, 310 Ky. 180, 220 S.W.2d 369, 370 (1949).

In Brumfield v. Commonwealth, Ky., 374 S.W.2d 499 (1964), the trial court overruled a defendant's challenge of certain jurors for cause on the ground that some of them had served on a jury that had convicted him the day before on a speeding charge, and that others had heard the trial. This was held to have been a prejudicial error. However, the two trials were related, in that the second trial was for illegally transporting in local option territory alcoholic beverages which had been discovered incident to his arrest on the speeding charge.

In Bowling v. Commonwealth, Ky., 286 S.W.2d 889 (1956), and Young v. Commonwealth, Ky., 286 S.W.2d 893 (1955), it was held by a divided court that service as a juror in a previous but unrelated trial of the same defendant was not a ground of challenge for implied bias under Cr.Code § 210. It was said in Young (286 S.W.2d at p. 894) that if "prejudice exists, it may be brought out on voir dire, and of course the defendant still has his peremptory challenges," thus connoting that the question is to be resolved on the basis of actual bias, as was done in this instance through the voir dire interrogation by the trial judge.

A majority of the members of the court are of the opinion that under RCr 9.36 the question still is whether bias exists as a matter of fact, and that it is not to be presumed.

The judgment is affirmed.

All concur.