**Richard HUNT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 7, 1971.

Bill L. Wilson, Irvine, for appellant.

John B. Breckinridge, Atty. Gen., Curtis L. Wilson, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant, Richard Hunt, was found guilty by a jury of the offense of aiding and abetting one Beverly Jenkins in the commission of the offense of house breaking and was sentenced to confinement in the penitentiary for a period of five years. The appellant claims that (1) his motion for a directed verdict should have been sustained, (2) the court erred in instructing the jury and (3) the Commonwealth Attorney made an improper argument to the jury which prejudiced the appellant.

On December 31, 1969, the home of Zella Puckett was broken into and two double-barreled shotguns and one lever-action 22-caliber rifle were stolen therefrom.

Beverly Jenkins, a minor, testified that Richard Hunt drove him to the home of Zella Puckett; that Hunt waited a short distance from the Puckett Home in his car while Beverly broke into the Puckett home and stole the shotguns and rifle; that he took the shotguns and rifle and put them in the car belonging to Richard Hunt where they were transported to Richard Hunt's house and taken inside.

Lonnie Means testified that he accompanied Beverly Jenkins to the home of Richard Hunt; that he went into the house with Beverly Jenkins and saw Richard Hunt in the bedroom of his home cleaning a double-barreled shotgun; that there was another double-barreled shotgun on the bed and that a 22-caliber lever-action rifle was on the bed. He further testified that Beverly Jenkins told him in the presence of Richard Hunt that the guns had been gotten from Zella Puckett.

Appellant's contention that he should have had a directed verdict is based upon his claim that Beverly Jenkins was an accomplice and that his testimony was not corroborated by other testimony tending to connect appellant with the commission of the offense as required by RCr 9.62.

Appellant argues that the testimony of Lonnie Means that he saw two shotguns and a lever-action 22-caliber rifle in the home of the appellant was not sufficient corroboration because Lonnie stated that Beverly Jenkins, the accomplice, got the guns from Zella Puckett. We fail to see that the statement of the accomplice that he got the guns from Zella Puckett would detract from the corroborative effect of the evidence that the guns were at that time in the possession of the appellant. Rather than destroying the value of Means' testimony as corroboration, the statement served to some extent to identify the guns as stolen property and to indicate guilty knowledge.

The requirement of Rule 9.62 of the Rules of Criminal Procedure is only that the testimony of an accomplice must be corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroborative evidence is not required to be so strong as to support a conviction by itself. It is sufficient if it has a tendency to connect the defendant with the commission of the of-

fense. Hager v. Commonwealth, 300 Ky. 585, 189 S.W.2d 867 (1945). The fact that the defendant had in his possession in his house two double-barreled shotguns and one 22-caliber lever-action rifle shortly after the theft of two double-barreled shotguns and a 22-caliber lever-action rifle from the home of Zella Puckett has a tendency to connect the defendant with the commission of that offense and is sufficient corroboration of the testimony of the accomplice that Richard Hunt aided and abetted in the commission of the theft. Cf. Bowling v. Commonwealth, Ky., 286 S.W.2d 884 (1956) and Faison v. Commonwealth, Ky., 405 S.W.2d 943 (1966).

The appellant next contends that the court erred in submitting an instruction to the jury which authorized conviction upon proof of aiding and abetting when the offense charged in the indictment was that the appellant was an accessory before the fact.

■ There are two answers to appellant's contention. The first is that the indictment charged that appellant aided, abetted and assisted Beverly Jenkins in the commission of the crime and the proof sufficiently supported the charge. The second answer is that the record does not disclose that appellant made any objection to the giving of the instructions at the trial and in his motion and grounds for a new trial the appellant simply asserted "the court erred in instruction number two." No specific grounds are stated for the objection to instruction number two as required by Rule 9.54 of the Rules of Criminal Procedure and the alleged error is not preserved for review. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964).

■ Appellant points to four instances in which he claims the Commonwealth Attorney exceeded the bounds of propriety in his argument to the jury. Without setting forth the argument we may simply say that a Commonwealth's Attorney is entitled to draw reasonable inferences from the evidence, to make reasonable comment upon the evidence and to make a reasonable argument in response to matters brought up by the defendant and it does not appear to the court that the argument complained of exceeded the bounds of propriety in any regard.

The judgment is affirmed.

All concur.