**Earl CONOVER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

Larry D. Raikes, Hodgenville, for appellant.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

On July 15, 1970, Earl Conover was tried before a jury of the Adair Circuit Court on a charge of dwelling-house-breaking. KRS 433.180. He was sentenced to serve two years in the the state reformatory. From this conviction he appeals. We affirm.

The preceding day, through his attorney, Conover entered a plea of guilty and was sentenced on two charges of assault and battery, unrelated to the dwelling-house-breaking charge. At the outset of his dwelling-house-breaking trial, the following occurred:

> "Comes the defendant, by counsel, and moves the Court for a continuance for the reason that on yesterday there was a charge in this same court before this same jury panel called against this defendant, Earl Conover, charged with detaining a female for the purpose of carnal knowledge. This defendant pleaded guilty to an amended charge of Assault and Battery before this same jury panel and was sentenced to three months in jail, and I submit for these reasons that it would be to the defendant's prejudice for the defendant to be tried by the same jury panel.

BY THE COURT:

> The motion for continuance is overruled for the reason that the defendant and four other defendants appeared with counsel and entered their pleas of guilty, not personally, but by counsel, and no jury was empanelled, and the members of the jury, I am certain, took no knowledge of the fact that this particular defendant was the defendant in the case yesterday. This was done privately, and through the attorney for the defendants and the Court, and no announcement was made as to their pleas or as to the sentence imposed."

 Conover argues that the court erred in denying a continuance. He claims that a fair trial could not have been afforded because if he had "* * * attempted to discover on voir dire whether any prospective juror or jurors had knowledge of these convictions or appellant's activities in Court the previous day, he would have most certainly created a suspicion or doubt in all the jurors' minds about why Appellant was in Court on that previous day." He adds that under the rules of evidence such convictions would not otherwise be brought to the jury's attention since they were misdemeanors.

In Young v. Com., Ky., 286 S.W.2d 893 (1955), we said "It cannot be presumed that a jury panel or individual jurors will be prejudiced against a particular defendant because they are aware of or have participated in his trial on an entirely unrelated matter." Thus, "* * * on a motion for a continuance this objection to the jury may be considered by the trial court, but whether or not a continuance shall be granted on this ground lies within the court's discretion." In Watson v. Com., Ky., 433 S.W.2d 884 (1968), we indicated that the issue of a jury's bias under these circumstances is a question of fact. This also seems to be the position held by the federal courts. See United States v. Haynes, 398 F.2d 980 (2d Cir. 1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed. 2d 124 (1969). We find no abuse of discretion here.

 As he defended, on cross-examination, Conover was asked and answered:

"4 You have been buying these stolen articles for quite a while, haven't you?

BY MR. RAIKES: OBJECT, YOUR HONOR.

5 Well, you have been buying, you testified you had been buying these articles, what other things have you bought?

A I bought guns and stuff like that, but I never was over (sic) any trouble over them like this.

6 This is the first time you got caught?

BY MR. RAIKES: OBJECTION

BY THE COURT: OVERRULED

7 Is that right?

A Yes sir."

Appellant argues that the failure of the court to rule on his objection to Question 4 indicated to the jury that the court believed this accusation was true and he knew it to be. He makes the same argument with respect to the action of the court in overruling his objection to Question 6; however he does not argue that the alleged error of the court in overruling the objection to Question 6 alone was so prejudicial as to require a reversal. He rests his argument exclusively on the claim that the combined effect of the action and inaction of the trial judge prejudiced the jury. We pointed out in Irwin v. Jenkins, Ky., 427 S.W.2d 819 (1968), and the cases cited therein, that because of the respect and esteem in which a judge is held by the jury his remarks have a profound effect on the opinion of the jury. Here, there were no remarks as in those cases. The appellant did not move for an admonition or a mistrial, and he did not present this issue with his motion for a new trial. RCr 9.22 requires that the complainant inform the trial court of his objection and the action desired. At no time did he alert that court that he complained of the conduct of the judge. This alleged error was not preserved for appellate review. Blanton v. Commonwealth, Ky., 429 S.W.2d 407 (1968).

 Appellant's final argument charges that the court erred in refusing to grant a new trial. He claims that his dwelling-house-breaking conviction was based only on the evidence that he had the alleged stolen merchandise in his possession, that there should be a showing that at some

time the accused was found about the premises of the place of the breaking. We disagree; the evidence sufficiently sustained the conviction. We have held that " * * * where there is substantial evidence showing a breaking and entering of a dwelling and a taking of property therefrom, which is supported by proof that the stolen property was found in the possession of the defendant, or in the possession of a third person who testifies that said property was obtained by him from the said defendant, that such showing is sufficient to make out a prima facie case of house breaking * * *." Rains v. Com., 293 Ky. 429, 169 S.W.2d 41 (1943).

The judgment is affirmed.

All concur.